ANNA MARIA THORNTON, EXECUTRIX OF WILLIAM THORNTON, PLAINTIFF IN ERROR *vs*. THE BANK OF WASHINGTON.

The party who demurs to evidence, seeks thereby to withdraw the consideration of the facts from the jury; and is therefore bound to admit not only the truth of the evidence, but every fact which that evidence may legally conduce to prove in favour of the other party. And if upon any view of the facts, the jury might have given a verdict against the party demurring, the court is also at liberty to give judgment against him. [40]

The taking of interest in advance upon the discount of a note in the usual course of business by a banker, is not usury. This has been long settled, and is not now open for controversy. [40]

The taking of interest for *sixty-four days* on a note is not usury, if the note given for sixty days, according to the custom and usage in the banks at Washington, was not due and payable until the sixty-fourth day. In the case of Renner *vs*. The Bank of Columbia, 9 Wheat. 581, it was expressly held, that under that custom the note was not due and payable before the sixty-fourth day, for until that time the maker could not be in default. [40]

Where it was the practice of the party who had a sixty day note discounted at the bank of Washington, to renew the note by the discount of another note on the sixty-third day, the maker not being in fact bound to pay the note according to the custom prevailing in the district of Columbia; such a transaction on the part of the banker is not usurious; although on each note the discount for sixty-four days was deducted. Each note is considered as a distinct and substantive transaction. If no more than legal interest is taken upon the time the new note has to run, the actual application of the proceeds of the new note to the payment of the former note before it comes due, does not of itself make the transaction usurious. Something more must occur. There must be a contract between the bank and the party at the time of such discount, that the party shall not have the use and benefit of the proceeds until the former note becomes due, or that the bank shall have the use and benefit of them in the mean time.

ERROR to the circuit court of the county at Washington in the district of Columbia.

This case was brought before the court to reverse the judgment of the circuit court on a demurrer to the evidence offered by the defendants in error, the plaintiffs below, to sustain a claim on Mr Thornton as indorser on a promissory note discounted at the bank of Washington, for the benefit of one Bailey, the maker of the note.

The facts of the case are stated in the opinion of the court, delivered by Mr Justice STORY.

[Thornton vs. The Bank of Washington.]

Mr C. C. Lee and Mr Jones, for the plaintiffs in error, contended that the evidence offered by the plaintiffs below proved that usury had been taken on the note, and by the statute of usury in Maryland the note was declared void. If usury had been taken, the judgment of the circuit court must therefore be reversed.

The loan was made on a note payable in sixty days, which with the days of grace made it a loan for sixty-three days, and the bank had received the interest in advance by way of discount for sixty-four days.

The legislation of all mankind has been against usury; and the legislation of Maryland has been desirous and vigilant to suppress it. The principle in all courts acting under these laws has been, that if usury was found to have been taken, the wit of man would not evade the statute.

The transactions between the bank and the drawer of the note are admitted. It was a loan of money, and six renewals of the note took place in the year, and therefore the interest for six days was illegally taken. The series of loans are to be considered as one transaction. The notes were given for the accommodation of the drawer; and their renewals were expected, and were considered by the borrower and the bank as a part of the contract. The succeeding note was only substituted for that which had preceded it, in order to enable the bank to charge and receive the interest, by way of discount, every sixty-three days. Every security was therefore tainted with the usury of the whole dealing. This position is fully maintained by the case of Cuthbert vs. Hayley, 8 T. R. 390. The law of Maryland relative to usury and that of England is the same, as was seen by this court in the case of Gaither vs. The bank of Georgetown, 1 Peters, 37. Cited also, Marshall, 349. 5 Taunt. 780. 7 Com. Dig. Usury, 627. 3 T. R. 530.

The taking of interest by way of discount was a device which was originally, and long continued to be, considered a violation of the statute. Barns vs. Worledge, Cro. James, 25. Comyn on Usury, 82. Noy, 171. 1 Bulstrode, 20. These cases are confirmed in Marsh vs. Martindale, 3 Bos.

&. Pul. 154, and fully establish the principle that receiving interest beforehand is usury. Comyn on Usury, 90.

It is admitted that the practice of bankers to take "discount" is now allowed; but this is upon principles which do not authorise the practice which prevails with the defendants in error. As late as 14 George II. 7 Mod. 353, it was held by Mr Chief Justice Wills, that "otherwise the force of the statute would be taken away." The practice is since however considered legal for bankers to take interest in advance as discount. The allowance of this practice, upon the principles by which it is protected, is not evidence that the general principles of the law are altered. The expenses of postage, remittance, and commission, are considered as paid by this advance. Auriol *vs.* Thomas, 2 T. R. 52. 1 Bos. & Pul. 144. Comyn on Usury, 128.

That the principles of the law as originally established are not altered, cited Peake's Nisi Prius Cases, 200. Comyn, 125. 4 Taunt. 810. Brooke, qui tam *vs.* Middleton, 1 Camp. 445. Comyn, 132.

Banks are allowed to deduct interest, and, ex vi termini, discount. Fleckner *vs.* The bank of the United States, 8 Wheat. 354. But this does not allow the deduction of a greater amount than the interest for the actual advance. The bill of exceptions presents the custom of the bank as a justification of the proceeding. Custom is no protection. Floyer *vs.* Edwards, 1 Cowp. 112. Dunham *vs.* Gould, 16 Johns. 367.

It was argued that the practice of the bank to give notice of the dishonour of the bill on the fourth day after the sixty days, does not relieve the case from difficulty; as this could only be done by proof that there was a forbearance until the *fourth* day, the very reverse of which is established by the evidence; nor will the practice of the bank to protest on the fourth day, and not before, assist the claim. The universal commercial rule is, that on the third day of grace the note is due; and on non-payment before or upon that day, the money may be demanded and suit brought.

The question in this case has been decided in New York. Bank of Utica *vs.* Wagner, 2 Cowen's Rep. 712. If more than

[Thornton *vs*. The Bank of Washington.]

legal interest is reserved or taken, it is usury, whether by agreement or not. 3 Bigelow's Dig. 796. 4 Mass. 156. 15 Mass. 96.

Mr Lear and Mr Webster, for the defendant in error, contended, that the Maryland law of usury, passed in 1704, similar to the statute of Ann, had no application to the case. It was passed before the establishment of banks. The language is prohibitory as to any " person," and this may include "corporations sole," but not corporations aggregate. It is a criminal law, and a strict construction may be insisted upon. The insertion of a prohibition against taking more than *six* per centum in the charters of banks, is a proof that the general terms of the usury laws are not considered as extending to such corporations. It would not be necessary if this were the sound construction of the usury law.

In this case the whole question is, whether there was an agreement for forbearance for the loan of money on which more than legal interest has been taken. It is agreed that, in England, discount or interest in advance is not usurious. The facts of the case do not show that the borrower had the money for less than *sixty-four* days. On the sixty-fourth day, according to the custom of the bank, the note would be protested. It is admitted that a custom of trade will not take a case out of this statute, but it will go a great way to explain a transaction. 2 T. R. 52. Cowp. Rep. 114. 2 W. Black. 792. 1 Bos. & Pul. 144. 3 Bos. & Pul. 154.

Every new note was a separate transaction. At the end of each loan the loan was returned ; and whether by a new negotiation of another note, or by the repayment of the money from other means, does not connect the transactions or make them the same.

This is a demurrer to evidence, and every thing is to be taken in favour of the defendant in error, the plaintiff in error having demurred in the circuit court. It is enough for this court if a jury could have presumed from the facts that the loan was for sixty-four days. The bank maintains that the borrower has had or might have had the money for that time, and interest may be deducted for that time. The evidence

authorises this conclusion. The jury might have drawn the conclusion, that no unlawful dealing was intended. The transaction was not considered as a permanent loan. The bank make no such engagement; and if the borrower of money thinks proper, for the purposes of convenience or certainty, to obtain a loan on another note, before the note already discounted is due, the bank have nothing to do with the purposes or object for which the second loan is asked. There is no necessary connection between the transactions. Both notes may run at the same time.

Mr Justice STORY, after stating the facts, delivered the opinion of the Court:

This case comes before us on a demurrer to the evidence in the court below, taken by the original defendant, now plaintiff in error; and this in our judgment is very important to be considered in the determination of the case. The party who demurs to evidence, seeks thereby to withdraw the consideration of the facts from the jury, and is therefore bound to admit not only the truth of the evidence as given, but every fact which that evidence may legally conduce to prove in favour of the other party. And if upon any view of the facts, the jury might have given a verdict against the party demurring, the court is also at liberty to give judgment against him.

The defence set up against this action by the defendant is, that the transaction is usurious, within the meaning of the statute of Maryland against usury, which, (it is admitted), is substantially like the English statute on the same subject. To sustain the defence, it has been urged that the receipts of the interest in advance for sixty-four days upon the discount of the note is usury. But we are all of opinion, that the taking of interest in advance upon the discount of notes in the usual course of business by a bank, is not usury. The doctrine has been long settled, and is not now open for controversy. The taking of the interest for sixty-four days is not usury, if the note, according to the custom and usage in the banks at Washington, was not due and payable until the sixty-fourth day. That custom was

completely established, not only by the evidence in the present case, but by that in Renner vs. The Bank of Columbia, 9 Wheat. Rep. 581, which is referred to in this record. In the latter case it was expressly held by the court, that under that custom the note was not due and payable before the sixty-fourth day, for until that time the maker could not be in default.

Then, again, it is argued, that here there have been successive renewals of the note, or rather successive notes given by way of renewal of the original note, and that these renewals have been on the sixty-third day, and the money credited on that day, on account of the existing note; and thus in effect sixty-four days interest has been taken upon loans for sixty-three days only. If there had been proved any contract between the bank and the party for whose benefit the original discount was made, that the original note should be so renewed from time to time, and the extra day's interest thereupon be taken by the bank; so that the bank would have been bound to make the renewal, and the party would have been bound to renew and not to pay the note at maturity; there would have been strong grounds on which to rest the argument. But the difficulty is that no such contract is to be found in the evidence; and the party demurring to the evidence asks the court to infer it from facts which do not necessarily import it, and may well admit of an explanation favourable to the other party. It is quite consistent with every fact in the case, that the original discount may have been made without any such contract; and that the application for the renewals may have been made from time to time by the party interested for his own accommodation, and without any previous understanding or, cooperation on the part of the bank. For aught that appears, he was at liberty to have paid the original note, or any one of those afterwards given, at the time when it became due. If of choice he had paid it on the sixty-third day instead of the sixty-fourth, there is no pretence to say that it would have been a case of usury. If, instead of payment, he offers a new note for discount, for the purpose of applying the proceeds to the payment or withdrawal of the former note, under

the like circumstances, the case is not substantially varied. Each note is considered as a distinct substantive transaction. If no more than the legal interest is taken upon the time the new note has to run, the actual application of the proceeds of the new note to the payment of the former note, before it becomes due, does not of itself make the transaction usurious. Something more must occur. There must be a contract between the bank and the party at the time of such discount, that the party shall not have the use or benefit of the proceeds until the former note becomes due, or that the bank shall have the use and benefit of them in the mean time. Such a contract being illegal is not to be presumed; it must be established in evidence. The argument requires the court to infer such illegality from circumstances in their own nature equivocal, and susceptible of different interpretations; and this in favour of the party demurring to the evidence. Even if the jury might ˈ ˀve made such an inference from the evidence, we think it ought ɔt to be made by the court; for the rule of law requires the court in such a case to make every inference and presumption in favour of the other party, which the jury might legally deduce from the evidence; nor is this any hardship upon the party demurring to the evidence, for it is his own choice to withdraw from the jury, to whom it properly belongs, the consideration of the facts which he relies on as presumptive of usury.

Upon the other point suggested in the cause, whether banks are within the statute of usury, we entertain no doubt that they are. But, for the reasons already stated, we are of opinion that the judgment below ought to be affirmed.