JOSEPH L. HICKSON, *Appellant*, v. MINNIE S. HICKSON, *Appellee.*

1. It is not the policy of the law to grant divorces for post nuptial causes short of marital infidelity when such causes do not in fact render one of the parties incapable of performing the duties incident to the marriage. status. Divorce is granted for post nuptial causes on the ground that it is im-

practicable for one of the parties to further perform the marital duties.

2. The status of husband and wife should not be dissolved by the courts except upon the conditions prescribed by law. Where a divorce is sought on the statutory ground of habitual indulgence by the defendant in violent or ungovernable temper, it is essential that the bill of complaint contain allegations of facts to show habitual indulgence by the defendant in violent or ungovernable temper exhibited directly towards the complainant as that its frequency, violence and results affect injuriously the safety, health or personal comfort of the complainant to such an extent as to make the performance of the marital duties impracticable.

3. Where a divorce is sought on the ground of habitual indulgence by the defendant in violent or ungovernable temper allegations of facts showing such conduct towards the other consort as is calculated to cause merely great humiliation, mental anguish, unhappiness, inconvenience, financial loss, estrangement of family ties, loss of friends, separation of members of the family or the like are not sufficient to warrant a divorce when it does not appear that the performance of the marital duties is thereby rendered impracticable.

4. Allegations of facts showing the use of violent language towards and abuse of the complainant by the defendant because of a dislike for members of complainants family and relatives, and of the family surroundings, with no allegation that such conduct endangers the safety or health of complainant, are not sufficient for a decree of divorce on the ground of the habitual indulgence by the defendant in violent or ungovernable temper, even though it be alleged that the conduct stated renders the life of the complainant an oppressive and intolerable burden and makes it impracticable for complainant to discharge marital duties under such burden.

This case was decided by the court *En Banc*.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Seymour* & *Atkinson,* for appellant;

*Hudson* & *Boggs,* for appellee.

WHITFIELD, J.—The appellant Joseph L. Hickson seeks divorce from his wife Minnie S. Hickson. The second amended bill which was dismissed on demurrer alleges briefly in substance that he is over twenty-one years of age, and has been for more than two years and now is a citizen of Dade county, Florida; that he was lawfully married to Minnie S. Hickson at Messena Springs, New York, October 4th, 1904; that they lived together as man and wife until March 3rd, 1906; that he has three children by a former marriage, aged respectively 16, 11 and 7 years; that defendant has by a former marriage three children, aged respectively 16, 15, and 14 years; that two of his children and defendant's three children and her mother constituted the family; that defendant habitually indulges in violent and ungovernable temper; that said violent and ungovernable temper was displayed towards complainant and with the effect of rendering his life an oppressive and intolerable burden and making it impracticable for complainant to discharge marital duties under such burden; that said habitual indulgence by defendant in said violent and ungovernable temper was displayed towards complainant by defendant almost daily from February 14th, 1905, until March 3, 1906; that from October 4th, 1904, to February 14th, 1905, or thereabouts, the relations between complainant and defendant as man and wife were pleasant; that until February, 1905, their home life was a happy one; that about February 14, 1905, for some reason unknown to complainant defendant formed and habitually exhibited a decided dislike for complainant's son Joseph, which she displayed daily until complainant

sent Joseph away February 3rd, 1906, at her insistence; that when complainant would protest against incurring expense to send defendant's invalid son and an attendant to Canada the defendant would fall into a passion and abuse complainant; that in October, 1905, at the breakfast table the defendant began a tirade of abuse directed at complainant's daughter and among other things called the child a "little black thing" and using other unkind and cruel remarks, creating the impression in complainant's mind that the child had negro blood in her veins, going so far as to insinuate that the child had negro blood in her veins, all because the child was a brunette; that complainant stood these bitter and insulting remarks directed to and at his child as long as he could and said to defendant: "Minnie, do you mean to sit at my table and tell my child in my presence that she has negro blood in her veins?"; that defendant made no reply, but remained in a sullen state, refusing to respond or reply in any manner to any member of the family until the meal was over; that on November 8th, 1905, the defendant fell into one of her fits of passion in her bedroom and abused complainant, his sister and father and every member of his family, charging complainant with having induced her and her children to come to Florida just to torment her; that defendant remained in this fit of passion practically all day, and that night became more violent than ever in her tirade of abuse directed to complainant which was overheard by his father and sister then visiting at the house to complainant's humiliation; that the next day defendant fell into another violent passion, and in a cruel and angry manner ordered complainant's sister to get out of the house at once; that on account of the habitual indulgence of violent and ungovernable temper displayed toward complainant by defendant his father and sister

discontinued their visit and left the home much to complainant's humiliation; that on account of said habitual indulgence by defendant in violent and ungovernable temper displayed towards complainant and the unhappy and unsettled condition of his home it was impossible for complainant to permit his youngest daughter to reside at his home; that on January 21st, 1906, defendant violently and unmercifully abused complainant because his son came to the breakfast table without cleaning his finger nails; that she then had one of her regular hysterical fits which was common as a result of her violent outbursts of passion; that defendant said to complainant: "I hate you. I despise your very presence. I don't want you to pollute me by even touching me." Other instances of the defendant's violent outbursts of passion are given on different dates. There are also allegations as to defendant's extravagance, the leaving of the home by the complainant and other matters not necessary to be stated. The whole and also designated paragraphs of the bill of complaint were demurred to as being insufficient for a decree thereon. The demurrer was sustained, and the complainant's counsel declining to amend the second amended bill of complaint it was dismissed. Pending the proceedings an order was made for the payment by complainant of $100 to the defendant as solicitor's fees and $100 suit money. Complainant appealed and assigns as errors the orders sustaining demurrers to the bill of complaint and allowing suit money and counsel fees to the defendant.

It is not the policy of the law to grant divorces for post nuptial causes short of marital infidelity when such causes do not in fact render one of the parties incapable of performing the duties incident to the marriage status. Relief is given in such cases by the courts on the ground that the conduct of one party renders it impracticable

for one of the parties to further perform the marital duties.

The status of husband and wife should not be dissolved by the courts except upon the conditions prescribed by law. Where a divorce is sought on the statutory ground of habitual indulgence by the defendant in violent or ungovernable temper, it is essential that the bill of complaint contain allegations of facts to show such habitual indulgence by the defendant in violent or ungovernable temper exhibited directly towards the complainant as that its frequency, violence and results effect injuriously the safety, health or personal comfort of the complainant to such an extent as to make the performance of the marital duties impracticable. The allegation of facts showing such conduct towards the other consort as is calculated to cause merely great humiliation, mental anguish, unhappiness, inconvenience, financial loss, estrangement of family ties, loss of friends, separation of members of the family or the like are not sufficient when it does not appear that the performance of the marital duties are thereby rendered impracticable. The injury, injustice or wrong done to others as the result of habitual indulgence in violent or ungovernable temper does not warrant a divorce where such conduct does not disqualify one of the parties for the performance of the marital duties. Mere hardships, embarrassments, disappointments or mental pains and unhappiness do not make the performance of marital duties impracticable and do not justify the courts in releasing ties that were intended to bind in weakness as in strength till severed by death.

Where a divorce is sought on the statutory ground of "habitual indulgence by defendant in violent or ungovernable temper" it is not enough to allege a temper as characteristic of the party or that when exhibited to-

wards complainant it is only calculated to render the relations between the parties unpleasant and disagreeable, or even unhappy. Constant petulance, readiness to anger, frequent and unreasonable complaints, outbursts of temper, passion or abuse and other like occurrences inimical to domestic happiness are not enough. The temper must have been indulged against the complainant habitually, and with the effect of rendering life an oppressive and intolerable burden, and making it impracticable to discharge the duties of the marriage state under such burden. Palmer v. Palmer, 26 Fla. 215, text 234, 7 South. Rep. 864.

The bill of complaint alleges that the defendant displayed towards complainant a violent and ungovernable temper with the effect of rendering his life an oppressive and intolerable burden and making it impracticable for complainant to discharge marital duties under such burden. The question to be determined is whether the facts alleged justify this abstract allegation which standing alone would be insufficient. It is alleged that the violent and ungovernable temper of defendant towards complainant was displayed almost daily from February 14, 1905, to March 3, 1906, but nearly all the particular instances stated show a dislike of the defendant for members of the complainant's blood relatives and great rudeness to them, with indications of violence of language toward the complainant. The alleged cruel insinuations as to the complainant's daughter having negro blood in her veins may not have been properly interpreted by the complainant as the defendant did not acknowledge them when spoken to. The abuse alleged to have been repeatedly heaped upon the complainant is not directly alleged to have endangered his safety or even his health. The effect of marital unhappiness and of humiliation and financial and other inconvenience

even upon a delicate and sensitive nature is not necessarily to directly destroy health or to endanger personal safety and physical comfort. Under the facts alleged the performance of marital duties may be unpleasant but not impracticable.

The allowance for suit money and counsel fees does not appear to be excessive.

The decree appealed from is affirmed.

COCKRELL, HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and TAYLOR, J., providentially absent, concurred in the opinion when prepared.