VICENTE TRIGO, *Appellant,* v. CARMEN VALENZUELA TRIGO, *Appellee.*

En Banc.

Opinion Filed June 24, 1925.

1. Divorce on the ground of extreme cruelty will be denied when there is no actual bodily violence, unless the treatment complained of be such as damages health or renders cohabitation intolerable and unsafe, and unless there are threats of mistreatment of such kind as to cause reasonable and abiding apprehension of bodily violence so as to render it impracticable to discharge marital duties.

2. When the evidence is taken by a special master the finding of the chancellor on the facts will not be disturbed on appeal unless such findings are clearly shown to be erronous.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Martin Carabello,* for Appellant;

*Mabry, Reaves & Carlton, for* Appellee.

TERRELL, J.—This is a suit for divorce on the grounds of extreme cruelty and the habitual indulgence of a violent and ungovernable temper. Complainant also prayed for the custody of the children. Defendant answered denying the material allegations of the bill and asked for alimony, counsel fees and the custody of the children.

The chancellor denied the divorce, awarded the custody of the three children to the defendant with the proviso that complainant might see them and have them in his care once each week, and at other times agreeable to defendant, and allowed alimony and support to the extent of $13.00 per week and $200.00 counsel fees. Appeal is taken from this decree.

The rule is well settled that divorce on the ground of extreme cruelty will be denied when there is no actual bodily violence, unless the treatment complained of be such as damages health or renders cohabitation intolerable and unsafe, or unless there are threats of mistreatment of such kind as to cause reasonable and abiding apprehension of bodily violence so as to render it impracticable to discharge marital duties. Hayes v. Hayes, 86 Fla. 350, South. Rep

66; 9 R. C. L. 341; Hickson v. Hickson, 54 Fla. 556, text 560, 45 South. Rep. 474.

Applying the evidence to the rule so stated, it would be insufficient as basis for the relief sought if it was all relevant and uncontradicted; but it is largely irrelevant and immaterial and is contradicted on every material point. The chancellor resolved the conflicts against the complainant, and careful examination of the record discloses no reason for disturbing his decree.

The facts present the sole question brought here for determination, and when the evidence is taken by a special master the finding of the chancellor on the facts will not be disturbed on appeal unless such findings are clearly shown to be erroneous. Simpson v. First Nat. Bank of Pensacola, 74 Fla. 539, 77 South. Rep. 204; Powell v. Powell, 77 Fla. 181, 81 South. Rep. 105.

Affirmed.

WEST, C. J., AND WHITFIELD AND STRUM, J. J., concur.