DEAUVILLE CASINO CORP. v. MIAMI BEACH FURNISHED HOMES CORP., *et al.*

150 So. 226.
Division A.
Opinion Filed September 22, 1933.

*Miller, McKay, Dixon & DeJarnette,* for Appellant;
*E. L. Lockhart,* for Appellees.

DAVIS, C. J.—Miami Beach Furnished Homes Corporation obtained a foreclosure decree against Deauville Casino Corporation, and others, from which this appeal is taken.

Several interesting propositions of law are argued in appellant's brief, but under the facts shown by the transcript it is not necessary that we decide the point raised as to the sufficiency of the execution of the mortgage, since the pleadings of complainant allege, and the answer of defendant mortgagor does not specifically deny, the allegation made in the bill of complaint to the effect that the mortgage sued on was and is the corporate act of the defendant, Deauville Casino Corporation.

Neither is it required that this Court pass upon the proposition whether or not a corporation is forbidden to plead usury in the absence of a specific showing on the record whether or not such corporation was incorporated under the 1925 Corporation Act (Chapter 10096, Acts of 1925), because the record here sufficiently discloses (*prima facie* at least) that the corporation mortgagor was incorporated in 1927.

Section 6586 C. G. L. (Section 60, Chapter 10096, Acts of 1925), provides as follows:

"No corporation shall interpose the defense of usury in any action in any court in this State."

The corporation defendant mortgagor in this case was properly held subject to the foregoing Section when the bill of complaint set up, without material denial, and the proof showed, the execution of the mortgage sued on, bearing an

adopted corporate seal from which it could reasonably be implied that the corporation mortgagor was chartered in 1927 after the 1925 Act had become effective and applicable.

Whether or not Section 6586, C. G. L., *supra,* applies to corporations other than those incorporated under the 1925 Act has not yet been decided in this State. Such question will therefore be left open for future consideration, to be decided by us only when occasion requires it.

The remaining points argued relative to the sufficiency of the evidence to sustain the decree upon controverted facts put in issue by the pleadings. Both the Master and the Chancellor found against appellant on all the facts drawn in question. We are unable to say that the Chancellor's findings on the evidence are clearly wrong, therefore such findings will not be disturbed by this Court on appeal. Sandlin v. Hunter Co., 70 Fla. 514, 70 Sou. Rep. 553; Trigo v. Trigo, 90 Fla. 60, 105 Sou. Rep. 123; Jacksonville Properties v. Manhattan Beach Co., 102 Fla. 839, 136 Sou. Rep. 506.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.