MATLACK PROPERTIES, INC., v. CITIZENS AND SOUTHERN NATIONAL BANK as administrator of the Estate of JOHN L. SLATER, deceased.

162 So. 148.
Opinion Filed June 13, 1935.
Rehearing Denied June 27, 1935.

*Ross Williams* and *J. K. Williams*, for Appellant;
*Copeland & Terrell*, for Appellee.

DAVIS, J.—The appellant in this case was a Florida corporation organized under Sections 4049 R. G. S. 1920, *et seq.*, brought forward as Sections 5978, *et seq.*, C. G. L. 1927. When sued in a mortgage foreclosure proceeding, it attempted to defend on the ground of usury. The defense of usury having been appropriately asserted, was overruled by the Chancellor. From the final decree of foreclosure the appellant corporation has appealed. Hence the main proposition required to be decided by this Court upon the facts adduced, and upon the pleadings interposed in the Court below, is whether or not a Florida corporation organized under the Florida statutes as they existed prior to the enactment of Chapter 10096, Acts of 1925, can interpose

and stand on the defense of usury, in a suit brought against it wherein it is made to appear beyond controversy that the mortgage sued on does embrace a charge of interest in excess of the ordinarily allowed contract interest rate of ten per cent. fixed by the Florida usury laws. Section 6936-6945 C. G. L., 4849-4858 R. G. S.

Before July 15, 1925, the effective date of Chapter 10096, the law regulating the organization, and affairs generally, of ordinary corporations for profit, investment companies, and foreign corporations, and miscellaneous provisions with respect to corporations generally, were those brought down as Sections 4045 to 4120 of the Revised General Statutes, and 5967 to 6051 of the Compiled General Laws, excluding from the Compiled General Laws those statutes enacted after July 15, 1925, and before the adoption of the Compiled General Laws. By Section 63 of Chapter 10096, brought down as Section 6588 in the Compiled General Laws, all these old statutes were expressly continued in force and effect only as to corporations incorporated previous to July 15, 1925, with the exception of certain statutes with respect to: (1) the borrowing of money at any rate of interest as would induce the loan; (2) stock in corporations being regarded as personal estate; (3) investment companies; (4) foreign corporations; and miscellaneous matters; (5) eminent domain; (6) estoppel of corporations to interpose defenses to certain actions; (7) misnomer of corporations, and (8) the right of corporations to sue their members.*

*The excepted statutes are: (1) 5970 (4048), the statute empowering corporations generally to agree to borrow money upon such terms and rates as could induce the loan; 5975, names of unincorporated companies and certain foreign corporations; (2) 5987 (4058), stock to be personal estate; (3) 5994 (4065), 5995 (4066), 5996 (4067), 5997 (4068), 5998 (4069), 5999 (4070),

Section 5970 C. G. L., 4048 R. G. S., expressly provides that "all" corporations of this State shall have the right to borrow such sums of money at "such" rates of interest, and upon such terms as the company or its board of directors shall authorize or agree upon and may deem necessary or expedient, etc., for authorized corporate purposes. This statute has been on the books since 1903, having been first enacted as Chapter 5219, session laws of that year. So the inquiry suggested by this statute consequently is, whether or not the phrase "at such rates of interest, and upon such terms as the company or its board of directors shall authorize or agree upon, etc., as used in the enactment just mentioned, confers upon Florida corporations chartered prior to 1923, the legal right to become contractually bound by an agreement for a secured or unsecured loan of money to it at a rate of interest which, if the borrower were a natural, and not an artificial person, would be deemed and held usurious under the laws of this state forbidding the exaction of usury.

The common law of England, as adopted and approved in the United States, has never forbidden the exaction of usury on loans of money as a matter of general law irrespective of statute. So the subject is one entirely of statutory regulation and prohibition, despite the observation found in the Scriptures (15th Psalm, verses 1 and 6) that only those shall abide in the Lord's tabernacle "that putteth

6000 (4071), 6001 (4072), 6002 (4073), sales of stocks, bonds or other securities; (4) 6026 to 6041 (4095 to 4110), foreign corporations; (5) 6042 (4111), eminent domain; 6043 (4112), eminent domain, constructing dams for water power; 6044 (4113), eminent domain, electric railway companies; 6045 (4114), eminent domain to waterworks companies; (6) 6046 (4115), estoppel as defense by corporations; (7) 6047 (4116), misnomer; (8) 4048 (4117), corporations may sue members.

not out his money to usury, nor taketh reward against the innocent." See 27 R. C. L., par. 1, page 203.

The Court below held, and we approve its holding, to the effect that under Section 5970 C. G. L., 4048 R. G. S., a Florida corporation chartered prior to Chapter 10096, Acts 1025 (The 1925 General Corporation Act) is authorized to enter a valid contract to borrow money at such rates of interest, and upon such terms, as the company or its board of directors shall authorize or agree upon, irrespective of the limitations on interest rates and devices for excessive interest exactions set forth in the general usury laws of Florida hereinbefore cited.*

A special provision of the general corporation Act of 1925 (Section 60 of Chapter 10096) Section 6586 C. G. L., is that: "No corporation shall interpose the defense of usury in any action in any court of this State." This provision has been observed, but not heretofore construed, by this Court in the following cases: Fuller v. Jonsberg, 107 Fla. 330, 144 Sou. Rep. 653; E. O. Painter Fertilizer Co. v. Foss, 107 Fla. 464, 145 Sou. Rep. 253; Deauville Casino Corp. v. Miami Beach Furnished Homes Corp., 112 Fla. 55, 150 Sou. Rep. 226.

It is the contention of the appellant in this case that the effect of the above quoted 1925 provision of the statute is to inhibit all corporations organized under the new Act from pleading usury, but to leave usury as an available defense to all corporations organized prior to the effective date of Chapter 10096, supra.

---

*Indeed the power of a corporation to borrow money, being most commonly exercised through the issuance of corporate bonds bearing a low rate of interest that ofttimes are sold at substantial discounts below par, but payable at par, would be practically defeated by any other construction of the Legislative Act of 1903, which was no doubt passed to cover this point.

The statutory provision when applicable is held to mean any position or attitude in an action in which a corporation seeks to avoid its own contract by showing that it is usurious, and is not confined to the case of a corporation filing such defense when made a party defendant to an action. Merchants Exchange Nat. Bank v. Commercial Warehouse Co., 49 N. Y. 633 (text 641); Bramhall v. Atlantic Nat. Bank, 36 N. J. L. 244; Rosa V. Butterfield, 33 N. Y. 665 (text 667). The purpose of an express provision such as Section 60 of Chapter 10096, Acts 1925, is to protect investors making loans of money to corporations by purchasing their negotiable paper or bonds, whether at discount or at par. Lembeck v. Jarvis Terminal and Cold Storage Co., 70 N. J. Eq. 757, 64 Atl. 126, affirming 69 N. J. Eq. 450, 60 Atl. Rep. 955; Southern Life Ins. Co. v. Packer, 17 N. Y. 51.

While the provisions of the 1925 General Corporation Act apply particularly to corporations deriving their charters under that Act alone, and this embraces Section 60 of Chapter 10096, *supra,* as well as other provisions thereof, it does not follow that a corporation deriving its corporate charter under the laws of this State applicable prior to the 1925 general corporation Act may not, as in this case. become liable on a contract made according to Section 5970 C. G. L., 4048 R. G. S., for repayment of money borrowed at such rates of interest as the corporation or its board of directors shall have authorized, whether the rate of interest agreed on be made directly, or indirectly, in excess of the rate that would be usurious on the part of an individual.

Section 60 of Chapter 10096, Acts 1925 (6586 C. G. L.), is in *pari materia* with Section 5970 C. G. L., 4048 R. G. S., although Section 6586 C. G. L., *supra,* is broader in terms than the Act of 1903. The 1903 Act is the law applicable to

transactions had by corporations incorporated under the law prior to the Act of 1925, and where its authority is not exceeded by a corporation in its engagements to pay interest at a rate in excess of what the company or its board of directors have authorized or agreed upon as necessary or expedient, the courts have no right to refuse to give the corporation's contract legal effect as contemplated by the law, nor to void it as an obligation entitled to the law's protection.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The general corporation law of 1925, Chapter 10096, in its first section, now appearing as Section 6527, C. G. L., expressly provides that its provision shall apply to corporations incorporated or consolidated or reincorporated thereunder, and to "no other corporations." Section 60 of that Act, now Section 6586 C. G. L., provides that: "No corporation shall interpose the defense of usury in any action in any court in this State." This provision is limited by the first section of the Act, just above referred to, and hence does not apply to the appellant corporation, which was organized prior to the enactment of the Act of 1925.

Section 63 of the Act of 1925, being Section 6588, C. G. L., merely points out that the provisions of certain of the older statutes shall not apply to corporations incorporated under the 1925 Act, but shall remain in effect as to corporations formed before the 1925 Act became effective. It did not say that the older statute not thus pointed out should be repealed. This leaves Section 5970 in full force and effect as to corporations formed prior to the 1925 Act.

Section 5970 C. G. L., derived from Chapter 5219 of the Act of 1903, does not in my opinion give lenders the right

to violate the usury laws then in existence in making loans to corporations, nor does it take away the right of corporations to plead usury as a defense. It merely confers upon all corporations of this State the right "to borrow such sums of money at such rates of interest, and upon such terms as the company or its board of directors shall authorize or agree upon and may deem necessary or expedient, and to execute one or more deeds or mortgages or both as the occasion may require, of all their property," etc.

If it be said that this statute gave corporations the same power to borrow money which natural persons possess, surely it cannot be argued that natural persons did not have, under the statutes, the right to plead usury, either as a partial or complete defense, according to the circumstances. Indeed, corporations are regarded as persons within the meaning of many statutes, including usury statutes. See. 14 C. J. 64-65, and cases cited. Note, too, the last paragraph in Thornton v. Bank of Washington, 3 Peters 36, 7 L. Ed., 594, 596.

*Bona fide* transferees of negotiable paper purchased before maturity, are protected by the usury statute, unless the usurious character of the paper should appear upon its face, or the transferee took with actual notice of the usury.

Our present usury statutes are mostly derived from Chapter 5690 of the laws of 1909, and being a later expression of legislative will than the Act of 1903 above referred to they would control; but I do not think there is any conflict between the power to borrow money and the regulations of such borrowing provided in our usury laws. This usury Act of 1909 appears in part as Section 6937 to 6945 C. G. L. As to those forms of usury which are prohibited and made penal, the prohibition against charging usury is levelled against "all persons, associations, firms or corporations,"

their agents or representatives. If, as it clearly appears, it was the intention of the Legislature to prevent, by a most rigorous statute any corporation as well as person from charging usury, and to provide that when they charge more than a certain amount of usurious interest they can recover only the principal, and if they charge above a certain still higher rate, the lender shall forfeit the entire sum, both principal and interest and also be guilty of a misdemeanor, surely a borrower corporation which is the victim of usury will be protected, whereas here, the statute made no exceptions and these all embracing statutes, setting forth a general public policy, will not be deemed to be repealed as to corporations by a statute which merely gives corporations the right to borrow money on such terms as their governing boards may agree upon.

There is a clear field for the operation of both Section 5970 C. G. L. and our usury statutes, without any conflict. Nor can I see any indication from the language of Section 5970 C. G. L. that the Legislature intended to exclude corporations from the operation of our usury statutes.

See also Stack v. Detour Lumber & C. Co., 14 Ann. Cases, 112; Ringer v. Virginia Timber Co., 213 Fed. 1001.