68 So.2d 882 (1953)
SODI, Inc.
v.
SALITAN et al.
Supreme Court of Florida. Special Division B.
December 8, 1953.
Louis Phillips, Miami, for petitioner.
Derger & Snetman, Miami, for respondent.
DREW, Justice.
Certiorari has been taken under 30 F.S.A. Rules of Supreme Court, Rule 34 to have *883 us review the following order of the Circuit Court of Dade County:
"This cause came on to be heard before me, after due notice, on plaintiff's Motion to Strike a portion of the defendant's Answer, and argument of counsel was heard thereon.
"Plaintiff filed its complaint to foreclose a chattel mortgage which was given by the defendant to the plaintiff as security for a loan made on October 1, 1953. Defendant admitted the execution and delivery of the promissory note and chattel mortgage which is sought to be foreclosed, but made certain denials and further allegations as to the intended maturity of the obligation. As an affirmative defense, the defendant has interposed the defense of usury. Plaintiff moved to strike the defense of usury on the ground that it is insufficient as a matter of law.
"It appears beyond controversy that the chattel mortgage which is sought to be foreclosed was made on October 1, 1953, and that the note which is secured by said chattel mortgage exacts a rate of interest in excess of 10% per annum. The question presented upon this Motion is the effect, if any, of Chapter 28170, Laws of Florida, Acts of 1953, F.S.A. § 608.01 et seq., upon the previous inability of a corporation to interpose the defense of usury.
"The Court is of the opinion that the plaintiff's Motion to Strike the defense of usury should be granted upon the authority of Matlack Properties [sic] v. Citizens' and Southern National Bank, 120 Fla. 77, 162 So. 148 (Fla., 1935).
"It is thereupon ordered, adjudged and decreed
"That Plaintiff's Motion to Strike paragraph `6' of the Answer which sets up the affirmative defense of usury be, and the same is hereby granted."
The sole question presented for our determination is whether a corporation may plead usury as a defense to an obligation incurred by it on or after October 1, 1953.
Chapter 28170, Acts of 1953, effective October 1, 1953, revises and consolidates the corporation laws of this State. Other Acts of the 1953 Session of the Legislature on the same general subject but not included in Chapter 28170, supra, are Chapters 28077, 28089, 28051, 28050 and 28248. None of these latter Acts shed any light on the problem now before us but bear only on the proposition that the entire field governing corporations was reviewed and considered by the 1953 Legislature. The need for such consolidation and revision has long been apparent.
Section 612.62, Florida Statutes 1951, F.S.A., reads as follows:
"Usury may not be pleaded.  No corporation shall interpose the defense of usury in any action in any court in this state."
The above Act was originally enacted as a part of Chapter 10096, Acts of 1925, commonly known as the 1925 Corporation Act. Prior to the effective date of that Act there was no statute of this State which prohibited the defense of usury by a corporation.
Chapter 28170, Acts of 1953, repealed a great many former Acts on corporation law, among which was the foregoing Section 612.62. It is true that the repeal of this Act was accomplished in Section 2 thereof by number only. While it is conceded that the repeal of the Act by number only is entirely effective for that purpose, it is argued that in arriving at what the Legislature intended with reference to allowing corporations to plead usury as a defense, we should not give the same effect to the repeal of said Act in that manner as if done by republishing the Act or by repealing it in an entirely separate Act.
There is no doubt that the legislative intent was to repeal Section 612.62 and that the purpose in doing so was to make the defense of usury available to corporations the same as individuals. Not only was the Act repealed by number, thereby working an effective repeal thereof, but the Legislative Journals reveal that Senate Bill 113, passed in the Senate May 1, 1953, was a bill intended expressly to repeal Section *884 612.62 and dealt with no other subject. Journal of the Senate, May 1, 1953, page 13. The Bill was sent to the House and there on May 12th the Judicial Civil Committee recommended passage. Journal of The House of Representative, May 12, 1953, page 598. Before it was reached in the House, Chapter 28170, which included a section repealing the same Act, was passed in both Houses, Journal of the Senate, May 29, 1953, page 74, whereupon Senate Bill 113 was indefinitely postponed. Journal of The House of Representatives, June 1, 1953, page 1325.
Respondents here further argue that in view of the holding of this Court in Matlack Properties, Inc., v. Citizens' & Southern Nat. Bank, 120 Fla. 77, 162 So. 148, infra, the repeal of said Section 612.62, insofar as the question under consideration is concerned, was inconsequential because Section 610.04, Florida Statutes 1951, F.S.A., clearly authorized a corporation legally to borrow money at a rate of interest that would otherwise be usurious, independent of Section 612.62, supra, and that there was no substantial change in said Section 610.04 made by Chapter 28170, supra. At this point and preliminary to the discussion of the Matlack case upon which respondent so strongly relies, we here quote pertinent portions of the old Chapter 610.04, supra, and its counterpart as revised by Chapter 28170, supra, appearing as Section 608.13, Florida Statutes 1953, F.S.A., effective October 1, 1953:
"610.04 power to borrow money and give security.  Every corporation, now existing or hereafter incorporated under the laws of this state, shall have power to:
"(1) Borrow money at such rates of interest and upon such terms as it, or its board of directors, may deem necessary or expedient and shall authorize or agree upon; * * *"
"608.13 Corporate powers.  Every corporation shall, unless otherwise provided by its certificate of incorporation or by law have power to:

* * * * * *
"(11) (a) Contract debts and borrow money at such rates of interest and upon such terms as it, or its board of directors, may deem necessary or expedient and shall authorize or agree upon, issue and sell bonds, debentures, notes and other evidences of indebtedness, whether secured or unsecured, and execute such mortgages, or other instruments upon or encumbering its property or credit to secure the payment of money borrowed or owing by it, as occasion may require and the board of directors deem expedient." (Emphasis supplied.)
The argument is advanced that the Matlack case, supra, is authority for the proposition that under the provisions of Section 608.13, supra, a corporation of this State is empowered to borrow money at such rate of interest as its duly authorized officials may agree upon and, therefore, the defense of usury is unavailable to it, without regard to the existence of Section 612.62. They further say that adding the words "unless otherwise provided * * * by law" to the revised language in Section 608.13 is wholly unimportant in disposing of this question. We agree with neither argument.
At the time the Matlack case was decided in 1935, there were two statutes on the books relating to the subject and these two statutes, Sections 5970 and 6586, C.G.L. (later, respectively, Sections 610.04 and 612.62, F.S. 1951, F.S.A.), were dealt with extensively in the opinion. The court reached the conclusion it did in that case as a result of construing these statutes in pari materia. We said, in the concluding paragraph of that opinion:
"Section 60 of Chapter 10096, Acts of 1925 (section 6586, Comp.Gen.Laws), is in pari materia with section 5970, Comp.Gen. Laws, section 4048, Rev.Gen.St., although section 6586, Comp.Gen.Laws, supra, is broader in terms than the act of 1903. The 1903 act is the law applicable to transactions had by corporations incorporated under the law prior to the act of 1925, and where its authority is not exceeded by a corporation in its engagements to pay interest *885 at a rate in excess of what the company or its board of directors have authorized or agreed upon as necessary or expedient, the courts have no right to refuse to give the corporation's contract legal effect as contemplated by the law, nor to void it as an obligation entitled to the law's protection." [120 Fla. 77, 162 So. 151.]
We are today faced with an entirely different situation. Section 612.62 no longer is a part of the Statute Law of this State, so it cannot be construed in pari materia with Section 608.13, supra, or any other existing law. Whether a corporation of this State may interpose the defense of usury on obligations incurred subsequent to September 30, 1953, must be determined from the law as we find it now.
Section 687.03, Florida Statutes 1951, F.S.A., provides:
"687.03 Rate higher than ten per cent unlawful; proviso.  It shall be usury and unlawful for any person, or for any agent, officer or other representative of any person, to reserve, charge or take for any loan, or for any advance of money, or for forbearance to enforce the collection of any sum of money, a rate of interest greater than ten per cent per annum, either directly or indirectly, by way of commission for advances, discounts, exchange, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of ten per cent, as aforesaid. The provisions of this section shall not apply to sales of bonds in excess of one hundred dollars and mortgages securing the same, or money loaned on bonds."
Under the common law any rate of interest agreed upon by the affected parties was lawful, so the regulation of interest rates is entirely statutory in this State. See Matlack Properties, Inc., v. Citizens' & Southern Nat. Bank, supra. As to whether usury statutes apply to corporations it is said in 55 Am.Jur. 327, Sec. 5:
"* * * Unless usury laws are by their terms limited in their application to particular classes of persons, they will be given application equally to all persons, natural or artificial, engaging in transactions within their import, * * *."
Moreover, our Statute, Section 1.01, F.S. 1951, F.S.A., provides in part that:
"In construing these statutes and each and every word, phrase, or part hereof, where the context will permit:

* * * * * *
"(3) The word `person' includes individuals * * * corporations and all other groups or combinations."
We do not find the slightest comfort for respondents in their argument that revised Section 608.13, supra, allows a corporation to borrow money at any rate of interest its responsible officials may agree upon. That statute is merely a recognition of the fact that a corporation must act through its responsible and authorized officers and requires an agreement by them fixing the interest rate to make it a corporate obligation. The Act prohibiting usurious interest applies alike to individuals and corporations. It would be just as logical to argue that when an individual agrees to pay an interest rate that would be usurious, he would be prohibited from defending on that ground because he has the power to make such agreement as it would be to apply such argument to a corporation because its duly authorized officials could agree on an interest rate under the law. Moreover, the addition of the words "unless otherwise provided * * * by law" to that Section by the same Legislature that took such pains to repeal Section 612.62 leaves no doubt whatever in our minds that the 1953 Legislature of Florida clearly intended to make the usury laws of this State applicable to artificial persons as well as individuals and we hold that under the laws existing at this time that was the result.
*886 The premise for the further argument that certain businesses in this State will not be able to find capital with which to operate unless usurious interest be lawfully charged corporations is not found in the record. Even if it were, that is a matter for the consideration of the Legislature  not the Courts.
The petition for certiorari is granted and the order of the lower court, dated October 22, 1953, striking paragraph "6" of the answer which sets up the affirmative defense of usury, is hereby quashed.
ROBERTS, C.J., and THOMAS and BUFORD, JJ., concur.