Lola **SPARKS, as Administratrix of the Estate of Steven Wayne Sparks, Deceased, Plaintiff,**

v.

**R. K. PORTER, Individually, and d/b/a Westgate Motel, and George E. Porter Enterprises, Inc., a Florida corporation, Defendants.**

**Civ. A. No. 1248.**

United States District Court
N. D. Florida,
Tallahassee Division.

July 14, 1967.

Seymour H. Rowland, Jr., of Parker, Foster & Madigan, Tallahassee, Fla., for plaintiff.

Helen C. Ellis, of Keen, O'Kelley & Spitz, Tallahassee, Fla., for defendant.

## MEMORANDUM-DECISION

CARSWELL, Chief Judge.

Plaintiff here has filed motion to strike all defenses directed against all defendants on the ground that the provisions of Section 865.09, Florida Statutes, has not been complied with by defendants. This statute is commonly known as the fictitious name statute and provides in pertinent part as follows:

"(3) It shall be unlawful for any person or persons, as defined herein,

to engage in business as herein defined, under a fictitious name as herein defined, without and unless said fictitious name shall be registered with the clerk of the circuit court of the county where the principal place of business is, which registration shall consist of filing with the clerk aforesaid an affidavit signed by all interested persons, stating under oath the names of all those interested in the business enterprise, the extent of the interest of each, and the fictitious name under which said business is carried on. Said registration may not be made until the person or persons desiring to engage in business under a fictitious name shall have advertised his or their intention to register said fictitious name at least once a week for four consecutive weeks in some newspaper as defined by law in the county where said registration is to be made, and said registration shall not be accepted by the clerk of the circuit court except upon receiving proof of such publication."

"(5) The penalty for failure to comply with this law shall be that neither the business nor the members nor those interested in doing such business may defend or maintain suit in any court of this state, either as plaintiff or defendant, until this law is complied with, and further that any person violating this law may have information filed against him by anyone aggrieved or believed to be aggrieved, before the proper court and charged with a misdemeanor, and upon conviction thereof be fined the sum of twenty-five dollars, or sentenced to jail for sixty days, or both, in the discretion of the judge of the court who is trying the said case."

Defendants, while admitting that the statute has not been complied with, advance three arguments in opposition. First, they say, the language of Section (2) specifically exempts corporations from the definition and is, therefore, inapplicable to these defendants. Section (2) reads as follows:

" 'Persons' shall include every individual, whether natural or artificial, firm or group or combination of individuals or partnerships, whether natural or representative, except corporations."

At first blush it seems that there is a definite inconsistency in the language of this statute, and, indeed, it might appear that the provisions of this Act simply do not apply to corporations. The Court must, of course, give construction to a statute so that it is meaningful in all of its parts and must be guided by principles which will give effect to the purposes of the Act itself. With this in mind, the Court must reject the argument of defendants here. It cannot be said that it was the intention of the Florida Legislature to allow corporations to operate business under a name other than their own while requiring this of all other persons, real or fictitious. Looking at the language of this subsection it might also be asked what is a fictitious person if it is not a corporation? Indeed, this same rationale has been applied by the Opinion of the Attorney General of the State of Florida, dated August 4, 1950, bearing his Number 050-379, and in which the same conclusion was reached. Counsel for both parties advise that there has been no ruling by any Florida court on this particular point.

Secondly, defendants contend that the right to enforce the requirements of this statute may be waived as a matter of law and, further, that as a matter of fact in this case this has been done. Plaintiff responds by referring to the record before the Court wherein it shows that the nominal defendant first made disclosure of its identity with the subject corporation in answers to interrogatories and that promptly thereafter plaintiff filed this motion. Under these circumstances the Court cannot say, in the absence of any proof of actual knowledge, lack of diligence or purpose of delay, that waiver has actually been accomplished as a matter of fact. It should be made clear that the Court does con-

clude that waiver may, under other facts, be established as a matter of law with respect to this statute under appropriate findings of fact.

Last, the defendants urge that this statute, even if applicable to corporations and even if enforceable (not waived by plaintiffs) is yet applicable only in actions involving contract and specifically is not actionable with regard to tort such as this case involves.

Again, we have no pronouncement by the courts of the State of Florida although defendants cite cases from other jurisdictions with similar, if not verbatim, statutes which hold that the statute is not to be applied in tort cases. It is the rationale of these cases, cited in 45 A.L.R. 251 and 42 A.L.R.2d 516, that the purpose of the statute was to protect the general public in its contract dealings with all individuals and that it has no relevance or purpose with respect to actions of tort. Plaintiff responds by saying that one of the salutory purposes of the statute is to prevent delays, such as the one involved here, and relies on the specific language of the statute itself which makes no distinction between contract and tort but simply says that one who does not comply may not " * * * defend or maintain suit in any court of this state, either as plaintiff or defendant, until this law is complied with * * * ". Section (5) supra.

This Court concludes, in the absence of ruling by the Supreme Court of Florida, that the statute in this regard should be given its literal interpretation. The relative ease with which it can be complied does not justify this Court's invoking jurisdiction on a dubious proposition of law. The Court is not convinced that this is a "penalty" imposed by the State of Florida thereby unenforceable in federal court as urged by defendants. The first portion of Subsection (5), the Court reads as establishing a condition precedent to bring or maintain suit. The second and last portions of this sub-section, however, are clearly penal in nature and would be unenforceable in a federal court. No

information has been filed in this court and the issue is not before it.

Order is entered this date granting plaintiff's motion to strike the defenses of the subject defendants with leave given them to comply with Florida Statutes 865.09, F.S.A. on or before September 1, next, and to thereafter file such defenses as deemed advisable.