227 So.2d 667 (1969)
TEL SERVICE CO., Inc., a Florida Corporation; G.E. Grass and Richard A. Noll, Appellants, Cross-Appellees,
v.
GENERAL CAPITAL CORPORATION, a Florida Corporation, Appellee, Cross-Appellant.
TEL SERVICE CO., Inc., a Florida Corporation; G.E. Grass and Richard A. Noll, Petitioners, Cross-Respondents,
v.
GENERAL CAPITAL CORPORATION, Respondent, Cross-Petitioner.
Nos. 37860, 37858.
Supreme Court of Florida.
October 29, 1969.
*668 William B. Holland, Winter Haven, E.A. Bosarge, Bartow, Henry M. Sinclair, Miami, Norman Sand and Sinclair, Louis & Huttoe, Miami, for appellants, cross-appellees, petitioners-cross-respondents.
William Reece Smith, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellee, cross-appellant, respondent-cross-petitioner.
ERVIN, Chief Justice.
We review the appeal of Appellants Tel Service Co., Inc., a Florida corporation; G.E. Grass and Richard A. Noll, and the cross-appeal of the Appellee General Capital Corporation, a Florida corporation, from the decision in this case of the District Court of Appeal, Second District, reported in 212 So.2d 369. The parties also filed petition and cross-petition respectively, for a writ of certiorari to review the decision.
As reflected in the reported decision and opinion of the District Court, the Appellant Tel Service Co., Inc., initially sought a recovery in the Circuit Court from Appellee General Capital Corporation because of the latter's alleged usury charges.
The Circuit Court, after hearings, entered a final decree in favor of Tel Service, holding certain transactions between the parties to be criminally usurious loans in violation of F.S. Section 687.07, F.S.A., directing that Tel Service recover the aggregate principal amounts of the loans, i.e., $568.705.73, and interest charged thereon from General Capital Corporation.
The Circuit Court specifically found that General Capital required a partnership composed of G.E. Grass and Richard A. Noll to change their form of business from a partnership to a corporation (Tel Service) before General Capital would enter business relations with the firm. This finding of the Circuit Court was made in connection with its basic holding that the transactions between the parties were loans and not sales.
General Capital appealed this final decree to the District Court. While the appeal was pending, the Florida Legislature enacted Chapter 65-299, now appearing in the Florida Statutes as Section 687.11, F.S.A. Because of this enactment the District Court deemed it appropriate to remand the cause to the Circuit Court for reconsideration in the light of Chapter 65-299.
While the cause was on remand in the Circuit Court, that court granted permission to Tel Service to amend its complaint to include G.E. Grass and Richard A. Noll as parties plaintiff and allege that said individuals as a condition to Tel Service obtaining the loans from General Capital were required to guarantee the payment thereof. It was alleged by Tel Service in its amendment that these individuals were the actual borrowers or real parties in interest, and not Tel Service, the corporation.
After hearings on the amended complaint and defenses, the Circuit Court entered its amended final decree reaffirming its findings that the transactions were loans and not sales, but adding that the transactions were actually loan transactions between General Capital and Grass and Noll, the corporation Tel Service being a mere conduit of corporate form furthering *669 an unlawful scheme. It found that Chapter 65-299 was inapplicable to the individual plaintiffs, Grass and Noll. After an accounting which it had ordered in its final decree to determine the amount of recovery, i.e., the alleged usurious loans and the interest charged and paid thereon, the Circuit Court found that the individual plaintiffs Grass and Noll, as the real parties in interest, were entitled to recover from General Capital pursuant to F.S. Section 687.07, F.S.A., the sum of $710,911.08.
General Capital appealed the final decree and judgment summarized just above to the District Court, which in its reported opinion and decision in 212 So.2d 369 reversed in part and affirmed in part as follows:
(1) It affirmed the finding in the final decree that the transactions were usurious loans and not sales.
(2) It held that the defenses of laches, unclean hands, or the statute of limitations did not bar a recovery by plaintiff Tel Service.
(3) It held that in relinquishing jurisdiction and remanding the cause to the Circuit Court to determine the applicability of Chapter 65-299 to the cause as it existed, did not convey authority on the Circuit Court to reshape the proceedings as was done below by substituting Grass and Noll as the real parties plaintiff and allowing amendment to the complaint for these individuals to seek recovery from General Capital because of the alleged usurious loans to them rather than to Tel Service.
(4) It held Chapter 65-299 (F.S. § 687.11, F.S.A.) to be constitutional and applicable to the instant litigation.
(5) Since Chapter 65-299 provides a borrowing corporation is only entitled to recover interest and not principal on a usurious loan, the District Court reduced the Circuit Court's judgment from $710,911.08 to $125,912.65, and directed that final judgment for said sum be entered in favor of Tel Service, eliminating the individuals, Grass and Noll, as plaintiffs in the litigation.
Our jurisdiction of the appeal is invoked because the District Court upheld the validity of Chapter 65-299.
Our review covers the five points outlined above which summarize the holding of the District Court. In addition, our review includes a further point raised by General Capital, through its motions filed while this appeal was pending concerning the applicability of further intervening legislation, to wit, Chapter 69-135, Laws of Florida 1969.
The effect of the trial court's allowance of the amendment substituting Grass and Noll as real parties plaintiff and the reasons assigned therefor can only be construed as a holding by the Circuit Court that under the circumstances the corporate veil of Tel Service should be pierced and the individuals treated as alter egos of the corporation. The most compelling evidentiary finding by the Circuit Court asserted to support this position is that General Capital, as lender, had required Tel Service to change its form of business organization from a partnership to a corporation so that a higher rate of interest could be charged (15 per cent to corporations compared to 10 per cent to individuals). Such factual consideration, measured against the evidentiary requirements necessary to justify disregarding a corporate entity, is not sufficient for such result under the circumstances here presented. The law dispositive of this question was settled in Holland v. Gross (Fla. 1956), 89 So.2d 255, where this Court, quoting from American Jurisprudence, stated:
"`* * * While the corporate entity may generally be disregarded where it is used as a cloak or cover for fraud or illegality, the corporate entity of a corporation organized merely for the purpose of executing a mortgage on terms usurious in the case of an individual may not be disregarded in order to let in the *670 defense of usury, available to an individual, but not to the corporation * * *.' (55 Am.Jur., Sec. 105, p. 396."
In reaching the conclusion that the present case is governed by the principle enunciated in Holland v. Gross, supra, we did not overlook cases cited by Appellants where corporate entities were disregarded because of findings by trial courts that loans were in fact made to individuals and that the corporations formed were devices to evade the usury laws. See Gilbert v. Doris R. Corporation (Fla.App. 1959), 111 So.2d 682; Atlas Subsidiaries of Florida, Inc. v. O. & O. Inc. (Fla.App. 1964), 166 So.2d 458. We believe the principles adhered to in the cases just cited are entirely consistent with the rule announced in Holland v. Gross, the distinguishing feature being only in the application of the principles to the facts presented in each case.
The testimony offered by Grass to the effect General Capital insisted on the formation of a corporation to be the borrower in order that a higher rate of interest could be charged when the loans were made is not sufficient to establish the loans were actually made to Grass and Noll. Such testimony, without more, is insufficient to form the basis for disregarding the corporation entity. We conclude, therefore, that on the record before us the trial court erroneously found that the loan transactions were made to the individuals, Grass and Noll, rather than to the Appellant corporation, Tel Service.
The evidentiary situation in the instant case is sufficiently parallel to the controlling facts in Monmouth Capital Corporation v. Holmdel Village Shops, Inc. (1966), 92 N.J. Super. 480, 224 A.2d 35, to warrant application herein of the view adopted in that case. In that case it was said:
"Borrower corporation, which was organized because of lender's legitimate policy of dealing only with corporations, and which had bank account, adopted corporate resolutions in connection with other borrowers, paid real estate taxes, entered into leases with tenants, and acted as valid legal entity, was neither shell nor cloak and was barred by statute from asserting defense of usury in lender's mortgage foreclosure action where chief stockholder had capable legal advice before forming corporation and was a knowledgeable businessman, notwithstanding that lender's only reason for dealing with corporations applicable was to be able to charge amount in excess of six percent per annum fixed by statute. * * *" (At 35-36.)
For the reasons stated here, as well as those outlined by the District Court, we see no basis for disturbing the holding of the District Court on this point.
We next consider the question concerning the validity of Chapter 65-299, Laws of Florida 1965 (F.S. Section 687.11, F.S.A.). The District Court, citing a host of authority, held that the subject matter of usurious interest is exclusively within the province of the Legislature and accordingly the 1965 Legislature had full authority to enact any law modifying (or repealing, if so desired) the existing statutory provisions respecting usury and the forfeiture penalties therefor. We agree that the District Court's holding in this regard is correct.
Appellants assert in their brief and have raised in argument before this Court that Chapter 65-299, Laws of Florida 1965, is unconstitutional and void as being violative of Article III, Section 16, Florida Constitution, F.S.A. We have carefully studied the various contentions of Appellants regarding failure of the 1965 act to measure up to the requirements of Section 16, Article III, Florida Constitution, and find them to be without merit. See Deltona Corporation v. Florida Public Service Commission (Fla. 1969), 220 So.2d 905; Auto Owners Ins. Co. v. Hillsborough County Aviation Authority (Fla. 1965), 153 So.2d 722; City of St. Petersburg v. English, 54 Fla. 585, 45 So. 483; State ex rel. X-Cel Stores v. Lee (1936), 122 Fla. 685, 166 So. 568; *671 State ex rel. Landis v. Thompson (1935), 120 Fla. 860, 163 So. 270; Webster v. North Orange Memorial Hospital (Fla. 1966), 187 So.2d 37; King Kole, Inc. v. Bryant (Fla. 1965), 178 So.2d 2.
We have little difficulty affirming the District Court's conclusion sustaining the applicability of Chapter 65-299 to this cause, which act requires the forfeiture of usurious interest charged a corporation. As noted by the District Court, authority is legion to the effect that an action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty. Accordingly, such penalty or forfeiture possesses no immunity against statutory repeal or modification and the enactment of legislation to this effect abates such penalty or forfeiture pro tanto even during the pendency of an appeal from a final judgment predicated on such statutory penalties or forfeiture. Pensacola & A.R. Co. v. State (1903), 45 Fla. 86, 33 So. 985; Matlack Properties, Inc. v. Cit. & Sou. Nat. Bank, 120 Fla. 77, 162 So. 148; Coe v. Muller (1917), 74 Fla. 399, 77 So. 88; 23 Am.Jur. 634; 50 Am.Jur. 537; 91 C.J.S. Usury § 100, p. 684; 16 C.J.S. Constitutional Law § 256, p. 1248; 82 C.J.S. Statutes § 441, p. 1019, et seq.
Having concluded the 1965 act properly was held to be applicable to the present controversy, the question is then presented as to the precise effect of the 1965 act on remedies provided by F.S. Chapter 687, F.S.A. We proceed to an analysis of this question with the view in mind that the penalties and forfeitures sought to be established by Appellants are in this instance remedies accruing to a corporate borrower rather than to individuals.
As correctly concluded by the District Court, Section 687.07 provides for forfeiture of both principal and interest upon a loan where the interest wilfully and knowingly charged is more than 25 per cent per annum, irrespective of whether the lender or borrower is an individual or a corporation.[1]
In order to place in proper perspective the impact of Chapter 65-299, now F.S. Section 687.11, F.S.A., we think it is necessary to briefly discuss related provisions of Chapter 687. F.S. Sections 687.02 and 687.03, F.S.A. define usurious contracts and usurious rates of interest. Each of these sections provides that per annum rates of interest in excess of 10 per cent charged to individuals and in excess of 15 per cent per annum charged to corporations are usurious and unlawful. Section 687.04 provides that any lender wilfully violating the provisions of Section 687.03 shall forfeit the entire interest so charged and only the actual principal sum of a usurious contract can be recovered in any court. This section further provides for a forfeiture or penalty of double the interest charged when the lender is guilty of actually exacting and taking, by payment or otherwise, usurious interest contrary to the provisions of F.S. Section 687.03, F.S.A. Section 687.07, the section under which the instant complaint for relief was initiated, provides in effect, as noted above, for forfeiture of both interest and principal where the lender *672 wilfully charges interest in excess of 25 per cent per annum.
Thus, prior to the enactment of the 1965 act, it is apparent that the provisions of Chapter 687 embraced different penalties and forfeitures applicable to lenders making corporate or individual loans, the application of which penalty or forfeiture being determined by the rate of usurious interest charged. Against this framework then, we now inspect the 1965 act.
The applicable portions of Chapter 65-299, now F.S. Section 687.11, F.S.A. provide:
"(1) No individual secondarily liable as endorser, guarantor, surety, or otherwise on any corporate obligation shall be required, in any proceeding for collection of interest in the courts of this state, to pay any interest in excess of ten per cent per annum, and any interest claimed therein against such individual in excess of ten per cent per annum shall be forfeited; and no corporation, in any such proceeding in the courts of this state where the interest is proven to exceed fifteen per cent per annum, shall be required to pay any interest, and in such event all interest shall be forfeited.

"(2) All laws or parts of laws in conflict herewith and all other statutory penalties for usury applicable to loans to corporations are hereby repealed." Emphasis supplied.)
It is readily apparent that the emphasized portion of paragraph (1) can only be construed as affecting the repeal, as to usurious loans to corporations, of all conflicting penalty and forfeiture provisions embraced in F.S. Section 687.04 and 687.07, F.S.A. Thus the only penalty recoverable in this case is the forfeiture of all interest paid by the corporate borrower, i.e., the sum of $125,912.65, as was found by the District Court.
In its brief General Capital argues that a proper interpretation of Chapter 65-299 (§ 687.11) requires, under the facts of this case, abatement of forfeitures of interest as well as principal. This result, according to General Capital, is commanded by the intended meaning attributable to the phrases, "proceeding for the collection of interest," and "such proceeding," as these terms appear in the act. By the use of such terms it is contended the Legislature intended to provide, as to corporate borrowers, only a defensive remedy to usurious interest charges, i.e., a remedy of forfeiture which could be asserted only in a suit by a lender to enforce interest rates against a borrower, and not a converse remedy which could form the predicate for forfeiture in a suit by borrower against lender where interest has been exacted or paid, the latter being descriptive of the controversy herein.
We reject the contentions above asserted, as did the District Court. We think it is important to observe that the designated critical phrase, "in any proceeding for collection of interest in the courts of this state," first appears in the act in reference to the type of relief afforded individuals "secondarily liable" on corporate obligations. In this context we deem the designated phrase merely to be descriptive of circumstances under which a secondary obligor would have any need in the normal course of events to be accorded relief from usurious interest rates. That is, a secondary obligor would have a "real party interest" in being relieved from usurious rates usually in situations where such rates are sought to be enforced against him because of a default by the primary obligor. A secondary obligor who has not been subjected to liability for usurious interest has no need for a forfeiture recovery. But let us suppose a situation where the primary corporate obligor defaults, and the secondary individual obligor, unaware of the usurious nature of the interest charged his corporate obligor, proceeds to pay the usurious interest when demanded but finds later on that he paid usurious interest in excess of 10 per cent per annum. Can it *673 reasonably be said that by the enactment of Chapter 65-299 the Legislature intended that this nonwary individual is relegated upon revelation to relief only by way of resisting future usurious interest rates and cannot on his own initiative recover the usurious interest already unwittingly paid? To so construe the provisions of Chapter 65-299 places the invocation of penalty and forfeiture provisions under the watchful initiative of the lender.
The foregoing considered, we can hardly attach to the term, "such proceeding," as this term is used relative to the forfeiture remedies afforded corporate borrowers in the latter portions of Chapter 65-299, any greater significance than we ascribe to the related term as used in the preceding portion of the same act. Furthermore, Section 687.11 repeals only so much of Section 687.04 with which it is clearly in conflict. Section 687.04 provides that anyone violating the 15 per cent per annum usury limit of F.S. Section 687.03, F.S.A., as to corporate loans, by taking, or who has been paid, interest in excess of 15 per cent per annum by a corporate borrower, "shall forfeit to the borrower * * * double the amount of interest * * * taken or exacted." Section 687.11 by necessary implication repeals or reduces the forfeiture from double the amount of the usurious interest exacted from corporate borrowers to only all of the usurious interest actually exacted. This latter usurious interest may not now be enforced by the lender in court proceedings because of the prohibition in Section 687.11, but if exacted may be recovered by the corporate borrower from the lender pursuant to the unrepealed recovery provisions in Section 687.04. We glean no contrary intent, for which Appellee contends, from the ambiguous and passively descriptive language employed in Section 687.11. We conclude, therefore, that Chapter 65-299 (§ 687.11), read in connection with other applicable sections of Chapter 687, required in this case the forfeiture recovery in favor of Tel Service of all interest received by the lender, General Capital. For the reasons stated, we concur in the conclusion to this effect reached by the District Court.
As to the last point raised by motions of General Capital, we find that Chapter 69-135, Laws of Florida 1969, became effective October 1, 1969, during the time the cause was pending on appeal here.
It is urged Section 2 of this act, which is set out in detail in the margin,[2] unconditionally repealed F.S. Section 687.07, F.S.A. in its entirety. We agree. We further agree that the enactment of this kind of act is retrospectively applicable to the appellate proceedings in this Court. See discussion anent this proposition supra. However, since it was the conclusion of the District Court and affirmed herein, that the corporate borrower was entitled to forfeiture of interest paid by virtue of the provisions of Section 687.11, to which conclusion we agree, we see no legitimate reason for attributing any effect to the express repeal of F.S. Section 687.07, F.S.A., by the enactment of the 1969 act.
We find no merit in other contentions of the parties in the respective appeals.
The judgment and decision of the District Court so far as consistent with the views announced herein are affirmed.
DREW, ADKINS and BOYD, JJ., concur.
THORNAL and CARLTON, JJ., agree to conclusion and judgment.
NOTES
[1] 687.07 Forfeiture and penalty in case of excessive interest or charges

"Any person, or the agent, officer or other representative of any person, lending money in this state who shall willfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent per annum upon the principal sum loaned, by any contract, contrivance, or device whatever, directly or indirectly, by way of commissions, discount, exchange, interest, pretended sale of any article, assignment of salary or wages, inspection fees or other fees or otherwise, or for forbearing to enforce the collection of such moneys or otherwise, shall forfeit the entire sum, both the principal and interest, to the party charged such usurious interest, and shall be deemed guilty of a misdemeanor, and on conviction, be fined not more than one hundred dollars, or be imprisoned in the county jail not more than ninety days.
[2] Section 2. Section 687.07, Florida Statutes, is hereby repealed.