MAGER, Judge.
This is an appeal by defendant-appellant, E. Louis Fields, from a final judgment entered on September 23, 1970, in favor of plaintiff-appellee, Albert Wilensky, permitting the recovery of the principal on a promissory note. Plaintiff, defendant and one Joseph G. Bland were principals in a corporation; plaintiff loaned the corporation funds but was apparently unwilling to lend such funds without some type of security. The subject note was given as security for repayment of two-thirds of the loan made by plaintiff to the corporation, the defendant undertaking to become a guarantor for the payment of such loan.[1] *479 Although the record is silent as to the basis for the complaint below, it is assumed that the terms for repayment of the loan were not met by the corporation and suit was instituted against defendant as a secondary obligor or guarantor.
On February 19, 1970, the trial court entered a final judgment of forfeiture as to principal and interest in favor of defendant finding that the subject note was usurious “being given as security for two-thirds of a loan where more than 25 per cent interest per annum was charged” and was therefore unenforceable under the provisions of F.S. Section 687.07, F.S.A. On April 21, 1970, pursuant to plaintiff’s motion for reconsideration the trial court vacated its order of February 19, 1970, reaffirming its conclusion with respect to the forfeiture of interest but permitting the plaintiff to recover the principal. The trial court was of the opinion “that it had made a judicial error in entering a final judgment of forfeiture as to the principal of the subject note” by reason of the fact that Section 687.07, which served as a basis for the court’s order of February 19, 1970, was “repealed by implication as to persons secondarily liable on corporate loans by the passage of Chapter 65-299, F. S. (Section 687.11, F.S.A.), and that Section 687.07, F.S.A., was repealed entirely by Chapter 69-135, F.S., 1969”. The trial court, relying upon the decision in Tel Service Co. v. General Capital Corporation, Fla.1969, 227 So.2d 667, concluded that:
“ * * * Thus at the time of the execution of the subject note and at all times thereafter the maximum penalty imposable on the lender in an action to recover from one secondarily liable on a usurious (over 15%) corporate loan was and is the forfeiture of all interest. * * * ” (Emphasis added.)
It was the contention of the defendant (as reflected by the trial court’s order of September 10, 1970, denying a request to reinstate its final judgment of April 21, 1970), that the provisions of Section 681.-071(7), F.S., enacted as part of Chapter 69-135, applied retroactively to bar the enforcement of the subject debt. The trial court rejected this contention, concluding that “§ 681.071(7) applies only to credit extended in violation of subsections (2), (3), or (4) of § 687.071 which violations constitute crimes * * The trial court additionally concluded “Statutes making acts crimes cannot be construed retroactively by reason of the constitutional inhibition against ex post facto laws. The court finds that § 687.071(7) applies only to acts done since the effective date of Chapter 69-135, which was October 1,1969.”[2]
While we feel that the trial court was correct in its observation with respect to repeal of F.S. Section 687.07, F.S.A., supra, we are of the opinion that the trial court erred in its determination of the law applicable to the transaction sub judice.
The promissory note under the terms of which defendant became secondarily liable was executed on March 16, 1964. The Taw in effect at that time (Section 687.07) provided for forfeiture of both principal and interest upon a loan where the interest wil-fully and knowingly charged is more than 25 per cent irrespective of whether the *480 lender or borrower is an individual or a corporation.[3] The 1965 legislature enacted Chapter 65-299, effective June 23, 1965, which, inter alia, is as follows:
"687.11 Interest rates; individuals secondarily liable.—
(1) No individual secondarily liable as endorser, guarantor, surety, or otherwise on any corporate obligation shall be required, in any proceeding for collection of interest in the courts of this state, to pay any interest in excess of ten (10%) per cent per annum, and my interest claimed therein against such individual in excess of ten (10%) per cent per an-num shall be forfeited; and no corporation, in any such proceeding in the courts of this state where the interest is proven to exceed fifteen (15'%) per cent per annum, shall be required to pay any interest, and in such event all interest shall be forfeited.
(2) All laws or parts of laws in conflict herewith and all other statutory penalties for usury applicable to loans to corporations are hereby repealed.” (Emphasis added.)
It is apparent that there is a difference of penalties and forfeitures between Sections 687.07 and 687.11; the former requiring the forfeiture of both principal and interest and the latter providing for the forfeiture of interest only.
In the case of Tel Service Co. v. General Capital Corporation, supra, the Supreme Court of Florida had occasion to construe the applicability of Chapter 65-299 to transactions entered into prior to the effective date of that chapter. The Supreme Court concluded that the 1965 act was applicable to the controversy there under consideration, and that the provisions of Section 687.11, as they related to corporations “can only be construed as affecting the repeal, as to usurious loans to corporations, of all conflicting penalty and forfeiture provisions embraced in F.S. 687.04 and 687.07, F.S.A., the only penalty recoverable in this case is the forfeiture of all interest paid by the corporate borrower * * * The Supreme Court’s determination that only “interest” was forfeited was based upon its finding that Section 687.11 repealed by implication (as to corporations) the conflicting provisions contained in Section 687.07.[4] Of particular significance was the Supreme Court’s determination regarding the retrospective application of penalty and forfeiture provisions contained in usury statutes as follows :
“ * * * [A]uthority is legion to the effect that an action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty. Accordingly, such penalty or forfeiture possesses no immunity against statutory repeal or modification and the enactment of legislation to this effect abates such penalty or forfeiture pro tanto even during the pendency of an appeal from a final judgment predicated on such statutory penalties or forfeiture. Pensacola & A. *481 R. Co. v. State (1903), 45 Fla. 86, 33 So. 985; Matlack Properties, Inc. v. Cit. & Sou. Nat. Bank, 120 Fla. 77, 162 So. 148; Coe v. Muller (1917), 74 Fla. 399, 77 So. 88; 23 Am.Jur. 634; 50 Am.Jur. 537; 91 C.J.S. Usury § 100, p. 684; 16 C.J.S. Constitutional Law § 256, p. 1248; 82 C.J.S. Statutes § 441, p. 1019, et seq.”
Although not directly related to the Supreme Court’s ultimate decision in the Tel Service case the court did have occasion to comment on the application of Chapter 69-135, supra (which became effective October 1, 1969) which unconditionally repealed Section 687.07, observing, “we further agree that the enactment of this kind of act is retrospectively applicable to the appellate proceedings in this case.”[5] (See also 91 C.J.S. Usury p. 671).
While it is clear therefore that Section 687.07 is no longer in effect (and cannot as suggested by appellant be applied to the transaction sub judice) the real question which the Supreme Court did not treat in Tel Service is the effect of the provisions of Chapter 69-135 (Section 687.071(7)) on Chapter 65-299 as they relate to transactions entered into prior to the effective date of said laws. This court finds itself in a position not unlike that of the Supreme Court in the Tel Service case. We must, likewise, ascertain whether any repeal by implication has occurred by virtue of the enactment of Chapter 69-135. Section 687.11(1) provides, inter alia, that in any proceeding for the collection of interest in the courts of this state “no individual secondarily liable * * * shall be required * * * to pay any interest in excess of ten (10%) per cent per annum * * * and no corporation * * * where the interest is proven to exceed fifteen (15%) per cent per annum, shall be required to pay any interest and in such event all interest shall be forfeited”. Section 687.071(2), (3) provides criminal penalties for extensions of credit in excess of twenty-five per cent. Subsection 7 of Section 687.071(1) provides: “No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state”.[6] It appears to have been the legislative intent in the enactment of Section 687.071 to not only provide criminal penalties where extensions of credit are made in violation of the provisions thereof but additionally to provide civil penalties by rendering any debt incurred thereunder unenforceable.[7] It would follow therefore that both the principal and interest of such debt are forfeited and the transactions proscribed by former Section 687.07 (prior to its repeal) have now once again become subject to substantially the same forfeiture penalties. This interpretation is buttressed by the fact that Section 2 of Chapter 69-135 specifically repealed the prohibitions and forfeiture provisions formerly contained in Section 687.07.
Repeals by implication are not favored and should not be resorted to unless there is an irreconcilable conflict between the provisions of two statutes relating to the same subject matter. Tamiami Trail *482 Tours v. City of Tampa, 1947, 159 Fla. 287, 31 So.2d 468. Every effort must be made to resolve inconsistencies in such manner as to give each statute a separate field of operation. State v. Gadsden County, 1912, 63 Fla. 620, 58 So. 232.
We are of the opinion that Section 687.11 conflicts with Section 687.-071(7) and to the extent of such conflict, Section 687.11 is impliedly repealed. Therefore, insofar as transactions involving an interest rate in excess of twenty-five per cent the provisions of Section 687.071(7) render any debt thereunder unenforceable both as to principal and interest ; however, insofar as any transaction where the interest rate as to individuals is in excess of ten per cent but not more than twenty-five per cent and as to corporations is in excess of fifteen per cent but not more than twenty-five per cent, only the interest is forfeited and the principal of such debt is recoverable in the courts of this state. Such a construction gives both Section 687.07(7) and Section 687.11 respective fields of operation. In the case sub judice the court found that the interest rate of the debt in question exceeded twenty-five per cent. Therefore, the provisions of Section 687.071(7) are applicable, and both the principal and interest are forfeited.
We have considered the contentions of the plaintiff that the provisions of Section 687.071 cannot be applied retroactively. These contentions are without merit inasmuch as we are not here dealing with an ex post facto application of a criminal law but rather the retroactive application of civil remedies provided by the usury statutes, which the Supreme Court found to be permissible in Tel Service Co., supra. In the Tel Service case, the Supreme Court was dealing with the retroactive application of a statute which reduced the severity of a forfeiture provision; whereas, here we are dealing with a statute increasing such forfeiture provisions. We conclude, however, that such distinction does not alter our construction of Section 687.071(7) even as against a contention that a stricter forfeiture might constitute an impairment of obligation of contract (a point not raised in this appeal but one which we do not avoid considering). The promissory note in question was entered into in 1964 at a time when the law (F.S. 687.07, F.S.A.) provided for the forfeiture of both principal and interest. Any impairment therefore would have to be measured by the law in force at the time the contract was entered into as against a subsequent law which is deemed to create such impairment. (See 33 Fla.Jur., Usury, § 7). The law applicable at the time suit was instituted to enforce the promissory note (1970), in effect, forfeits both principal and interest and provides substantially the same defenses to a debtor as existed in 1964. The fact that between the time of its execution and the time of its enforcement Chapter 65-299 reduced the forfeiture provisions relating to usurious promissory notes is of little consequence inasmuch as the penalties therein were not merged into a final money judgment rendering such judgment immune from statutory repeal or modification. In this regard the Second District Court in its opinion in General Capital Corporation v. Tel Service Co., observed:
“ * * * The ultimate main relief sought by the original complaint was and is a money judgment for all principal and interest charged by GC to TS on the transactions. Thus, it was clearly an action to enforce an inchoate statutory civil penalty against an alleged usurious corporate lender and in favor of a corporate borrower.
“The law seems well established that, in such type action, the statutory provision relied upon creates no vested substantive right but only an enforceable penalty. The penal nature of remedies provided by the usury statutes is well recognized. First Mortgage Corporation of Vero Beach v. Stellmon, [Fla.App., 170 So.2d 302] supra, and such penalties enjoy no *483 common law or constitutional protection or status. Therefore, until such penalties are merged into a final money judgment, or affirmed on appeal, they possess no immunity against statutory repeal or modification. This is so because until that time the statutory remedy of forfeiture is not vested. 16 C.J.S. Constitutional Law § 256, p. 1248 ; 23 Am.Jur. 632.” (Emphasis added.) (212 So.2d 369, at 384, 385).[8]
Accordingly, the final judgment permitting recovery of the principal is reversed; and that portion of the final judgment forfeiting interest is affirmed, with directions to take such further proceedings not inconsistent herewith.
Inasmuch as the determination of the application of Chapter 69-135 is a matter of first impression and in order to conclusively ascertain for the benefit of statewide application the applicable remedies available under usurious transactions, it is our intention, on proper application, to certify this decision to the Supreme Court as one involving a question of great public interest as hereinafter set forth:
Are the provisions of Chapter 69-135, providing criminal penalties for usurious transactions and declaring any debt made in violation thereof unenforceable, retroactively applicable to usurious transactions entered into prior to the effective date of said chapter so as to preclude either interest or principal sought to be recovered subsequent to the effective date of said chapter?
Reversed.
WALDEN and REED, JJ., concur.
CERTIFICATION OF QUESTION
Ordered that the opinion of this court filed April 2, 1971, is hereby certified to be one which passes upon a question of great public interest. F.A.R, 4.5(c) (6), 32 F.S.A. further,
Ordered that the question certified is as follows:
Are the provisions of Chapter 69-135, providing criminal penalties for usurious transactions and declaring any debt made in violation thereof enforceable, retroactively applicable to usurious transactions entered into prior to the effective date of said chapter so as to preclude either interest or principal sought to be recovered subsequent to the effective date of said chapter?

. Bland was also named as a defendant below as having also executed the promissory note in question along with Fields.
No service of process was effected upon Bland and the cause proceeded to trial against the defendant Fields only.

. The trial court modified its order of April 21, 1970, in other respects as hereinafter set forth:
“It was called to the attention of the Court that the order of April 21, 1970, erroneously recites that at the time of the execution of the subject note the only penalty imposahle on the lender on a usurious corporate loan was the forfeiture of all interest, when in fact § 687.11 F.S.A.1965, which repealed by implication the forfeiture provisions of former § 687.07, F.S.A., as to persons secondarily liable on usurious corporate loans, became effective June 23, 1965, which was after the execution of the subject note. The order of April 21, 1970, is hereby amended to correct the erroneous recital. Except for this correction of a recital in said order, said order will remain in full force and effect.”

. “§ 687.07 Forfeiture and penalty in ease of excessive interest or charges.
Any person, or the agent, officer or other representative of any person, lending money in this state who shall willfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent per annum upon the principal sum loaned, by any contract, contrivance or device whatever directly or indirectly, by way of commissions, discount, exchange, interest, pretended sale of any article, assignment of salary or wages, inspection fees or other fees or otherwise, or for forbearing to enforce the collection of such moneys or otherwise, shall forfeit the entire sum, both the principal and interest, to the party charged such usurious interest, and shall be deemed guilty of a misdemeanor, and on conviction, be fined not more than one hundred dollars, or be imprisoned in the county jail not more than ninety days.” (Emphasis added.)

. Section 687.11 affects other provisions of Chapter 687 not directly pertinent to or dispositive of the appeal sub judice.

. Section 2 of Chapter 69-135 provided: “Section 687.07, Florida Statutes, is hereby repealed.”

. Section 687.071 contains the following pertinent definitions:
“(e) ‘Debtor’ means any person who receives an extension of credit or any person who guarantees the repayment of a loan of money for another person;
“(d) ‘Extension of credit’ means to make or renew a loan of money or any agreement for forbearance to enforce the collection of such loan;”

.The legislative intent in the enactment of Chapter 69-135 (Section 687.071) is determined not by the individual opinion of legislators, although such opinion is helpful, but rather by considering a combination of factors such as the language used, the policy and purpose, the history of the act, the evil to be corrected, the subject regulated, and the object to be obtained (see 10A Fla.Dig. § 180, et seq; see also Smith v. Ryan, Fla.1949, 39 So.2d 281; and L & L Freight Lines v. Railroad Commission of Florida, D.C. S.D.Fla.1936, 17 F.Supp. 13).

. The Supreme Court subsequently reviewed by certiorari and affirmed the district court’s opinion, Tel Service Co. v. General Capital Corporation, Fla.1969, 227 So.2d 667.