267 So.2d 1 (1972)
Albert WILENSKY, Petitioner,
v.
E. Louis FIELDS and Joseph G. Bland, Respondents.
No. 41097.
Supreme Court of Florida.
July 12, 1972.
Rehearing Denied October 19, 1972.
*2 L. Byrd Booth, Jr., of Geiger, O'Neal & Booth, Fort Lauderdale, and Robert E. Gibson, Tallahassee, for petitioner.
Merrill A. Bookstein, of Fields & Bookstein, Fort Lauderdale, for respondents.
ERVIN, Justice.
The District Court of Appeal, Fourth District, having certified to us that its decision in the case of Fields v. Wilensky, 247 So.2d 477, passes upon a question of great public interest, and a petition for writ of certiorari having been filed, we have jurisdiction of this cause under Article V, Section 4(2), Florida Constitution, F.S.A.
The question certified to this Court is as follows:
"Are the provisions of Chapter 69-135 [Fla. Stat. § 687.071] [F.S.A.] providing criminal penalties for usurious transactions and declaring any debt made in violation thereof unenforceable, retroactively applicable to usurious transactions entered into prior to the effective date of said chapter so as to preclude either interest or principal sought to be recovered subsequent to the effective date of said chapter."
This question arises from the following factual setting: petitioner, plaintiff below, respondent, defendant below, and one Bland were principals in a corporation, Wylo Steel of Florida, Inc., which, at the time the loan in question was contracted for, was engaged in a high risk construction contract. Because the corporation was in urgent need of funds, petitioner agreed to loan the required money to the corporation in exchange for some type of security. As security for two-thirds of the loan made by petitioner, the subject note was given. The $12,666.66 note was given to secure payment of 2/3 of $19,000.00 agreed to be paid by the corporation, to petitioner in consideration of a loan of $16,000.00 for 120 days from plaintiff. Respondent became guarantor for the payment of such loan.
Suit was instituted by petitioner on April 25, 1969 against respondent as guarantor and secondary obligor. Since there was no indication in the record before this Court as to the basis of the complaint below, we shall assume as did the appellate court that *3 the terms for repayment of the loan were not met by the corporation and therefore petitioner proceeded against the secondary obligor to obtain the sum due. In his answer as a defense to petitioner's complaint, respondent contended that this loan was usurious.
On February 19, 1970, the trial court entered its final judgment in favor of respondent and against petitioner. Petitioner was found to have made a usurious loan with interest on the principal exceeding twenty-five per cent per annum. The subject note, being given for 2/3 of a loan where more than 25% interest per annum was charged was found to be unenforceable under the provisions of F.S. Sec. 687.07, F.S.A. Both principal and interest were thereby forfeited.
However, on April 21, 1970, pursuant to petitioner's motion for reconsideration, the trial court vacated its order of February 19, 1970 and stated,
"The motion for reconsideration called to the attention of the court the fact that Section 687.07 F.S.A., which statute was the basis of the final judgment entered herein on February 19, 1970 was repealed by implication as to persons secondarily liable on corporate loans by the passage of Chapter 65-299 F.S. (Sec. 687.11 F.S.A.), and that Section 687.07 F.S.A., was repealed entirely by Chapter 69-135 F.S. 1969 (F.S. 687.071). Tel. Service Co. v. General Capital Corporation, Fla.S.Ct. 1969, 227 So.2d 667. Thus at the time of the execution of the subject note and at all times thereafter the maximum penalty imposable on the lender in an action to recover from one secondarily liable on a usurious (over 15%) corporate loan was and is forfeiture of all interest. Section 687.11 F.S. 1969; Tel. Service Co. v. General Capital Corporation, supra. The court is now of the opinion that it made judicial error in entering a final judgment of forfeiture as to the principal of the subject note."
The trial court denied respondent's request to reinstate its final judgment of February 19. In this request respondent had contended that F.S. § 687.071, F.S.A., should apply retroactively to prevent the enforcement of the debt. This argument was found by the trial court to be without merit because it concluded that "§ 687.071 (7) applies only to credit extended in violations of subsections (2), (3) or (4) of § 687.071 which violations constitute crimes. Statutes making acts crimes cannot be construed retroactively by reason of the constitutional inhibition against ex post facto laws."
Upon appeal by respondent, the Fourth District Court of Appeal agreed that F.S. Section 687.07 F.S.A., had been repealed and was therefore inapplicable to the case sub judice. Tel. Service Co. v. General Capital Corporation, supra. With this portion of the opinion, we also agree. The District Court also held that "... Section 687.11[F.S.] conflicts with Section 687.071(7) [Chapt. 69-135] and to the extent of such conflict, Section 687.11 is impliedly repealed. Therefore, insofar as transactions involving an interest rate in excess of twenty-five per cent the provisions of Section 687.071(7) render any debt thereunder unenforceable both as to principal and interest". In accord with the above rationale the District Court reversed the final judgment of the trial court which permitted petitioner to recover the principal and affirmed the forfeiture of the interest.
We disagree with the District Court's holding that F.S. Section 687.071 (7), F.S.A., enacted by the Florida Legislature in 1969 as part of Chapter 69-135 which reads,
"(7) No extention of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state."
impliedly repeals F.S. Section 687.11, F.S.A., enacted by the Legislature in 1965 as Chapter 65-299 which is entitled "Interest *4 rates; individuals secondarily liable on corporation obligations" and which reads,
"(1) No individual secondarily liable as endorser, guarantor, surety, or otherwise on any corporate obligation shall be required, in any proceeding for collection of interest in the courts of this state, to pay any interest in excess of ten per cent per annum, and any interest claimed therein against such individual in excess of ten per cent per annum shall be forfeited; and no corporation, in any such proceeding in the courts of this state where the interest is proven to exceed fifteen per cent per annum, shall be required to pay any interest, and in such event all interest shall be forfeited."
(2) All laws or parts of laws in conflict herewith and all other statutory penalties for usury applicable to loans to corporations are hereby repealed."
At the time the promissory note was executed in March, 1964, Section 687.07 Fla. Stat., F.S.A., was in effect. This statute which as aforestated was subsequently repealed in part by Section 687.11, Chapt. 65-299, provided, "any person, or the agent, officer or other representative of any person, lending money in this state shall willfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent per annum upon the principal sum loaned, by any contract, contrivance or device whatever, directly or indirectly ... shall forfeit the entire sum, both the principal and interest... ."
This Court has held in Tel. Service Co. v. General Capital Corporation, supra, at 671, that Section 687.11 is applicable to transactions entered into before the enactment of same.
"... Authority is legion to the effect that an action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty. Accordingly, such penalty or forfeiture possesses no immunity against statutory repeal or modification and the enactment of legislation to this effect abates such penalty or forfeiture pro tanto even during the pendency of an appeal from a final judgment predicated on such statutory penalties or forfeiture ..."
Although this Court did conclude in Tel. Service Inc., supra, that F.S. Section 687.11 F.S.A. did impliedly repeal portions of F.S. Section 687.07 F.S.A., the District Court, sub judice, erroneously concluded that F.S. § 687.071 F.S.A. repealed Section 687.11. Section 687.071 which is entitled "Criminal usury, loan sharking; shylocking" must be read and interpreted in its entirety and must be considered and harmonized with all parts of Chapter 687 F.S.A. so that the whole scheme of the Legislature in enacting the same may be given effect. Sparks v. Porter (D.C.Fla. 1967) 270 F. Supp. 953, Chiapetta v. Jordan (Fla. 1954) 153 Fla. 788, 16 So.2d 641. Subsections (2), (3) and (4) specifically enunciate the substance and nature of the offenses punishable by Section 687.071.
Specifically subsection (2) thereof provides,
"(2) Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding twenty-five percent per annum but not in excess of forty-five percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, shall be guilty of a misdemeanor and upon conviction shall be punished by imprisonment for not more than 6 months or by fine of not more than five hundred dollars or by both such fine and imprisonment."
We note that this subsection contains the delimiting language "unless otherwise specifically allowed by law ..." Furthermore, subsection (7) of 687.071, which *5 respondent contends should apply to deny the recovery of principal to petitioner, specifically applies to violations of the provisions of Section 687.071 which constitute criminal usury.
It is quite apparent that the aforestated qualifying language, "unless otherwise specifically allowed by law," refers to and must be read with existing F.S. Section 687.11, F.S.A., since all the foregoing provisions of law are component parts of F.S. Chapter 687, F.S.A. A statute is to be construed so that it is meaningful in all of its parts. Sparks v. Porter, supra.
Pursuant to F.S. 687, F.S.A., interpreted in the entire context of F.S. Chapter 687, F.S.A., the instant corporate loan is enforceable to the extent of the principal.
The promissory note involved herein is dated March 16, 1964. Ch. 65-299, Section 687.11, was enacted, effective June 23, 1965. This Court's decision in Tel. Service Co. v. General Capital Corporation which held that F.S. Section 687.11, F.S.A. repealed 687.07 in part so that the only penalty recoverable by a corporate borrower is forfeiture of the interest and which also concluded that 687.11 was retrospectively applicable, was filed on October 29, 1969. As aforestated it should be specifically noted that Section 687.11(2) specifically provides for the repeal of laws in conflict therewith. Suit was filed in this cause by petitioner April 25, 1969 and Ch. 69-135, Section 687.071, was enacted to become effective October 1, 1969. Section 687.071 was enacted to provide criminal penalties where extensions of credit were made in violation of that section.
Article I, Section 10, Florida Constitution, 1968, provides that no ex post facto law shall be passed. An ex post facto law is "one which, in its operation, makes that criminal which was not so at the time the action was performed, or which increases the punishment, or, in short, which in relation to the offense or its consequences alters the situation of a party to his disadvantage." Higginbotham v. State (Fla. 1924) 88 Fla. 26, 101 So. 233.
The trial court was correct in concluding that 687.071 was inapplicable and that only the interest on the corporate loan could not be recovered.
The decision of the 4th District Court of Appeal is quashed with the directions that the trial court's order of April 21, 1970 be reinstated.
It is so ordered.
ROBERTS, C.J., and CARLTON and McCAIN, JJ., concur.
DEKLE, J., dissents with opinion.
DEKLE, Justice (dissenting):
I would affirm the district court in denying any recovery of principal or interest on this usurious transaction. The certified question should be answered in the affirmative, excluding its reference to "criminal" and "retroactively" appearing in the question, which I do not feel apply. In this civil cause, there is no criminal application of § 687.071(2) and (3) which would invoke criminal ex post facto, and thus "retroactivity."
The ratio decidendi of the majority regarding ex post facto application to new § 687.071 does not extend to its civil provision, § 687.071(7). Sub. (7) by its language only adopts the test for the violation which is contained in criminal subsections (2) and (3), namely, that the exaction of the usury must be "willful." However, the mere adoption of that test (so that all of the language does not have to be repeated in (7)) does not mean that (7) is itself a criminal section to which ex post facto could apply. The test of willfulness is not confined to criminal prosecutions; it can be applied equally in civil matters without creating criminal overtones. Accordingly, (7) stands separately as a civil sanction *6 utilizing the willfulness test stated in criminal subsections (2) and (3).
While recognizing the repealing effect of § 687.11 on § 687.07 as set forth in Tel. Service Co. v. General Capital Corp., 227 So.2d 667 (Fla. 1969), it is also apparent that thereafter the present § 687.071 (Ch. 69-135) was enacted to replace the repealed § 687.07 penalties. Our present § 687.071 (7) plainly says that such a loan "shall not be an enforceable debt." If we thus apply (7) as denying any recovery against the initial borrower and yet hold that only § 687.11 is applicable to corporate guarantors (respondent) we have an anomalous result: the principal debtor escapes the entire debt and interest while the secondarily liable guarantor escapes only the interest (the majority holding) and is held for the principal. Such an inequitable result was hardly intended by the statutes, nor should it be condoned by this Court. It is a strange result that the more innocent guarantor has a greater liability than the borrower who is directly involved in the initial usurious transaction. A guarantor cannot be liable for a greater sum than his principal.[1]
The trial court in its initial order properly held that both principal and interest were forfeited. Even though the trial judge used the wrong reason, in my judgment, his initial conclusion was still correct. The holding should have been under new § 687.071(7) which was in effect on the day of the original order, February 19, 1970. Instead, the judge in his corrective order of April 21, 1970, erroneously changed the result. The latter order permits recovery of the principal, not the interest. The judge based his new ruling on § 687.11 (apparently not considering the present, successor § 687.071(7)). Consequently, his judgment became erroneous because § 687.11, which specifically applies to suits for interest only, is inapplicable in the present action for principal and interest.
Likewise, the majority invokes § 687.11 as exclusively applying here to deny recovery of interest only, while still allowing the principal debt, as to the corporation's guarantor (on what basis is not indicated). Applicable present § 687.071(7) is avoided by the expedient of invoking the exclusionary phrase at the beginning of subsections (2) and (3) of § 687.071 as referring to § 687.11 (interest only). The introductory phrase says: "Unless otherwise specifically allowed by law ..." that the subsection applies. "§ 687.11 `otherwise allows,'" says the majority. Does it? Section 687.11 pertains only to a guarantor on a corporate debt "in any proceeding for collection of interest." The "proceeding" sub judice is for the debt and interest. Section 687.11 does not speak to the "debt enforcement." Only § 687.071(7) does. Necessarily, § 687.11 on guarantors sued for interest only, has no relevancy to this cause and it should not be considered.
That part of the district court's scholarly opinion that § 687.11 is "impliedly repealed" by § 687.071(7) does not therefore follow, inasmuch as the former by its own wording deals solely with corporate interest while § 687.071(7) touches on enforcibility of the debt. These statutes are therefore consistent and do not create a conflict which requires repeal. The two provisions should be treated independently; § 687.11 relates to guarantors for corporations (and corporations) who may be subjected to suits "for collection of interest" ONLY, whereas § 687.071(7) applies to actions concerning the enforcement of both principal and interest.
In addition to the inapplicability of § 687.11 here, there is no "unless otherwise specifically allowed by law" clause in subsection (7). The majority is "reading into" the civil remedy of (7) an exclusion which the Legislature simply did not include. The exclusionary phrase appears in the criminal subsections (2) and (3), ONLY. This is *7 consistent with the earlier, clear language of § 687.07 denying recovery of principal.[2]
I find myself fully in accord with the well-reasoned view of District Judge Mager which recognizes the distinction in the Legislature's criminal penalties in subsections (2) and (3) of the new Fla. Stat. § 687.071, F.S.A., and subsection (7) thereof which provides the civil penalty. (See authorities in his footnote 7.) Appropriate is Judge Mager's comment that this interpretation is buttressed by the fact that § (2) of § 687.11 specifically repealed the civil penalty formerly contained in § 687.07 so that when a successor civil penalty was provided by § 687.071(7) it is a plain and logical replacement.
Besides the trial judge's erroneous application of § 687.11, he said, inter alia:
"Thus at the time of the execution of the subject note and at all times thereafter the maximum penalty imposable on the lender in an action to recover from one secondarily liable on a usurious (over 15%) corporate loan was and is the forfeiture of all interest... ." (§ 687.11) (emphasis added)
This statement of law is incorrect. The statutory authority existing at the time of execution is not controlling. The applicable provisions are those penalties and forfeitures in effect at the time of enforcement. Therefore, the change in the usury law during the course of this suit makes the new § 687.071(7) effective and it denies recovery of the "debt". Tel Service supports this rationale. In fact, the majority itself cites Tel Service for its holding that "usury statutes create no vested substantive right but only an enforceable penalty" (when suit is brought). We further held there that there is "no immunity against statutory repeal or modification" so that a change can be applied "even during the pendency of an appeal from a final judgment... ." Such penalty statutes are not substantive but procedural only and apply at the time of enforcement. Accordingly, § 687.071 applied here during the pendency of this cause to defeat recovery of the principal as well as the interest.
Accordingly, there is no need for the "implied repeal" of § 687.11(2) by § 687.071(7) suggested in the Fourth District Court opinion, inasmuch as new subsection (7) stands independently to deny recovery of principal and interest. Neither is there any "ex post facto" retroactivity relating to the application of § 687.071, as held by the majority. Recovery is denied under civil § 687.071(7). Judge Mager and I reach the same conclusion.[3]
I would concur in the district court result to deny any recovery of principal or interest.
NOTES
[1] 30 Fla.Jur. Suretyship & Guaranty § 29; and 38 Amer.Jur.2d, Guaranty §§ 51 & 77. The exceptions to this rule are inapplicable here.
[2] Fla. Stat. § 687.07 (1969), F.S.A.  "Forfeiture and penalty in case of excessive interest or charges.  Any person, or the agent, officer or other representative of any person, lending money in this state who shall willfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent per annum upon the principal sum loaned, by any contract, contrivance or device whatever, directly or indirectly, by way of commissions, discount, exchange, interest, pretended sale of any article, assignment of salary or wages, inspection fees or other fees or otherwise, or for forbearing to enforce the collection of such moneys or otherwise, shall forfeit the entire sum, both the principal and interest, to the party charged such usurious interest, and shall be deemed guilty of a misdemeanor, and on conviction, be fined not more than one hundred dollars, or be imprisoned in the county jail not more than ninety days."
[3] Judge Mager succinctly observed: "We have considered the contentions of the plaintiff that the provisions of Section 687.071 cannot be applied retroactively. The contentions are without merit inasmuch as we are not here dealing with an ex post facto application of a criminal law but rather the retroactive application of civil remedies provided by the usury statutes, which the Supreme Court found to be permissible in Tel Service Co., supra... ."