BASKIN, Judge.
U.P.C. filed a claim for damages against Intercontinental Bank alleging usurious rates on an $897,000 [1] loan. Upon Intercontinental’s motion for judgment on the pleadings, the trial court entered final judgment for the Bank. The trial court found in part:
3. The usury law to be applied by a court is the law in effect at the time the court renders it [sic] decision unless the act itself provides otherwise. See Tel Service Co. v. General Capital Corporation, 227 So.2d 667 (Fla.1969).
4. The present Usury Act, Section 687.03 F.S.F.S.A. (1980) condemns as usurious as applied to loans in excess of $500,000.00 only those loans wherein excess of 25% per annum is charged.[2]
*556 5. The Act provides that it:
‘Shall apply only to loans, advances of credit or lines of credit made on or subsequent to July 1,1979 and to loans, advances of credit or lines of credit made prior to that date if the lender has the legal right to require full payment or to adjust or modify the interest rate by renewal, assumption, reaffirmation, contracts, or otherwise.. . ’
6. The loan in question is a variable interest rate loan. It provides interest shall not be less than 11% per annum and shall be computed at the rate of 2% above INTERCONTINENTAL BANK Prime. The note provides:
‘ “ICB Prime” shall be defined to mean that rate of interest charged by Intercontinental Bank on so-called short term unsecured loans to its most creditworthy customers, as the said “rate of interest” shall be determined by Intercontinental Bank at its sole discretion. The rate of interest based on ICB Prime shall be calculated and adjusted monthly so that the rate of interest applicable to any day of the month during the term of this note shall be 2% plus the highest ICB Prime in effect during such month... ’
This Court finds that the loan in question gave the lender the right to modify the interest rate by contract during the term of the loan. As such, it falls within the provisions of Section 787.03(5)(a) [sic] F.S. F.S.A. (1980) above quoted. The loan is subject to the present Usury Act and since it does not exceed 25%, it is not usurious.
We agree with the trial court’s findings and affirm the final judgment.

. The loan was evidenced by a promissory note dated March 8, 1979 and was secured by a mortgage.

. Section 687.03, Florida Statutes (Supp.1980) states, in pertinent part:
687.03 ‘Unlawful rates of interest’ defined; proviso.—
(1) Except as provided herein, it shall be usury and unlawful for any person, or for any agent, officer, or other representative of any person, to reserve, charge, or take for any loan, advance of money, line of credit, fore-bearance to enforce the collection of any sum of money, or other obligation a rate of interest greater than the equivalent of 18 percent per annum simple interest, either directly or indirectly, by way of commission for advances, discounts, or exchange, or by any contract, contrivance, or device whatever whereby the debtor is required or obligated to pay a .sum of money greater than the actual principal sum received, together with interest at the rate of the equivalent of 18 percent per annum simple interest. However, if any loan, advance of money, line of credit, forebearance to enforce the collection of a debt, or obligation exceeds $500,000 in amount or value, it shall not be usury or unlawful to reserve, charge, or take interest thereon unless the rate of interest exceeds the rate prescribed in s.687.071. The provisions of this section shall not apply to sales of bonds in excess of $100 and mortgages securing the same, or money loaned on bonds, (emphasis added).

(5) As amended by chapter 79-592, Laws of Florida, chapter 79-274, Laws of Florida, which amended subsection (1):
(a) Shall apply only to loans, advances of credit, or lines of credit made on or subsequent to July 1, 1979, and to loans, advances of credit, or lines of credit made prior to that date if the lender has the legal right to require full payment or to adjust or modify the interest rate, by renewal, assumption, reaffirmation, contract, or otherwise; ... (emphasis added).
Thus, to determine the usury rate on loans greater than $500,000, section 687.03 must be read together with section 687.071(2), which states:
(2) Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest *556 thereon at a rate exceeding 25 percent per annum but not in excess of 45 percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, shall be guilty of a misdemeanor of the second degree, punishable as provided in s.775.082 or s.775.083.