BOYD, Justice.
These consolidated cases are before us on petition for writ of mandamus and appeal from the order of the Circuit Court of Leon County upholding the validity of Chapter 69-3, Laws of Florida, and declaring the duty of the Comptroller, Governor and Treasurer to do all acts required for the issuance of warrants for legislative salaries pursuant to that Act.
Chapter 69-3, Laws of Florida, provides as follows:
“Section 1. Subsection (1) of section 11.13, Florida Statutes, is amended as read:
“11.13 Compensation of members. — (1) (a) Beginning April 1, 1969 the annual salaries of members of the senate and house of representatives, payable in twelve (12) equal monthly installments, shall be:
1. The president of the senate and speaker of the house of representatives, fifteen thousand dollars ($15,000) each.
2. All other members of the senate and house of representatives, twelve • thousand dollars ($12,000) each.”
Appellant’s first contention is that the Act violates Section 11 of Article XVI of the Constitution of 1885, F.S.A., which provides :
“No extra compensation shall be made to any officer, agent, employe, or contractor after the service shall have been rendered, or the contract made; nor shall any money be appropriated or paid on any claim, the subject matter of which shall not have been provided for by pre-exist- *280 ing laws, unless such compensation or claim be allowed by bill passed by two thirds of the members elected to each house of the Legislature.”
It is argued that since the bill providing for the pay raise was introduced on April 18, 1969, and provided for compensation to begin April 1, 1969, it increases compensation for services already rendered and is void. The Circuit Court found that even if Section 11 of Article XVI of the Constitution of 1885 applied, its requirements had been met. The Act ultimately, in overriding the Governor’s veto passed by a two-thirds vote of the members of each house.
Since the Legislature complied with Section 11 of Article XVI of the Constitution of 1885, it is unnecessary to decide whether Chapter 69-3 could have been enacted by a simple majority. Section 11 of Article XVI of the Constitution of 1885 is carried forward as a general act.[1] It is equal to, but of no> greater dignity than, other general acts, including Chapter 69-3.
The trial court also rejected the contention that legislators cannot increase salaries during the terms for which they were elected. There is no basis for this contention in any existing law. Reference has been made to provisions in the Constitutions of 1838, 1861,1865 and 1868, limiting the power of the Legislature to increase its own pay. No such provision is present by carryover, or otherwise, in the Constitution of 1968, which controls in these proceedings.
Appellants also assert that the trial court erred in hot striking Chapter 69-3 because the retroactive pay raise violates the provision of Section 9 of Article III of the Constitution of 1968 which provides:
“Each law shall take effect on the sixtieth day after adjournment sine die of the session of the legislature in which enacted or as otherwise provided therein. If the law is passed over the veto of the governor it shall take effect on the sixtieth day after adjournment sine die of the session in which the veto is overridden, on a later date fixed in the law, or on a date fixed by resolution passed by both houses of the legislature.” (e. s.)
Under the above provision, Chapter 69-3 took effect August 5, 1969. Appellant states that the pay raises could not be retroactive to April 1, 1969, as provided in the Act. The learned trial judge correctly rejected the foregoing contention as follows :
“The words ‘take effect’ have long been used in the Constitution of Florida to indicate the exact time at which a legislative enactment becomes law, but not necessarily the time as of which the rights of persons may accrue under that law.
“August 5, 1969, was the date the law took effect. It was not the date that the salaries fixed by that law took effect.
“The Constitution does not deny to the legislature the power to pass retroactive laws. Ex post facto laws and laws impairing the obligations of contracts are prohibited. Section 10, Article I, Constitution of 1968. But the mere fact that a law is retroactive or is dependent upon past events for its operation does not make it invalid.”
The Court has also considered and finds without merit, appellant’s contention that Chapter 69-3 is invalid because it impairs the obligation of contract.
The validity of a statute must be determined without reference to whether the Court considers the legislation good or bad. With clinical objectivity we have tested Chapter 69-3 by the existing laws of *281 this State, including the Constitution of 1968. We find the Act valid.
Our determination of the questions raised on appeal renders further action on mandamus proceedings unnecessary and the alternative writ is discharged.
Accordingly, the judgment of the trial court herein is affirmed.
It is so ordered.
THORNAL, CARLTON and ADKINS, JJ., and RAWLS, District Court Judge, concur.
DREW, Acting Chief Justice, concurs specially, with opinion.

. Constitution of Florida, § 10, Art. XXI (1968).