Fred W. Baggett General Counsel Florida Association of Court Clerks Tallahassee
QUESTIONS:
1. As of what date does the adjustment in salaries for county officers listed in Ch. 145, F. S., and provided for in s. 1, Ch. 79-327, Laws of Florida, take place?
2. Again relating to s. 1, Ch. 79-327, is the increase in salary to be based on a percentage of the total compensation received by the respective county officer for the previous fiscal year or a percentage increase of that amount plus any additional increase that may incur through the application of the population provision prescribed in Ch. 145?
3. In developing a formula for calculating salaries for supervisors of elections, do you multiply the $4,300 as provided in s. 2, Ch. 79-327, the factors for cost-of-living and population increases, or are the multipliers factored first on the old base pay and the $4,300 added to the last calculation in the formula?
4. Does the 20-percent increase limitation provided for in s. 145.18, F. S., apply to the $4,300 increase for the supervisors of elections provided in s. 2, Ch. 79-327?
5. What is the date on which the supervisors of elections are authorized to receive the additional $4,300 provided by s. 2, Ch. 79-327?
SUMMARY:
The salary adjustment for a particular county officer or school district officer provided for in s. 1, Ch. 79-327, Laws of Florida, takes effect when the fiscal year after June 30, 1979, begins for his office. Under the provisions of s. 1, Ch. 79-327, the percentage increase authorized therein should be applied to the officer's salary for the 1978-1979 fiscal year, and any increase or decrease occasioned by a change in the county's population should be added or deducted, as the case may be, from that amount. Section 1, Ch. 79-327, limits this increase to 7 percent for any fiscal year, thus establishing the only increase in salary available to county officers listed in Ch. 145, F. S., effective the fiscal year commencing after June 30, 1979, with the exception of a change in salary caused by a change in a county's population. While a reasonable interpretation of s. 2, Ch. 79-327, which gives effect to the entire section, is that the supervisors are entitled to an additional $4,300 to be added to the total salary for the 1978-1979 fiscal year under the act, effective July 1, 1979, and that, commencing with the 1979-1980 fiscal year, the base salary of the supervisors has been increased $4,300, this office cannot conclusively state that the foregoing interpretation authorizing a retroactive salary increase is the method which should be utilized in calculating these salary adjustments. It therefore appears that remedial or validating legislation is necessary. The provisions of s. 145.18, limiting any increase in the salary of an officer listed in Ch. 145 to 20 percent of his previous year's salary, are not applicable to the salary increase authorized in s. 2, Ch. 79-327.
Chapter 79-327, Laws of Florida, has effected substantial changes in the laws relating to the salaries of county officials listed in Ch. 145, F. S., and the methods of calculating the salaries of such county and school district officers. Thus, prior opinions of this office regarding the criteria or method of calculating salary increases for such officers do not control your questions under Ch. 79-327. This opinion is confined to an analysis of Ch. 79-327 and its impact upon pay increases for the aforementioned officials, irrespective of the manner in which the salary or pay increases for such officers enumerated in Ch. 145 have been accomplished in the past. It is the opinion of this office that the reasonable and practical construction and application of Ch. 79-327 requires a new approach for the calculation of these salary increases; accordingly, past customs, usages, and previous opinions of this office offer no guidance or precedent for such calculations.
Section 1, Ch. 79-327, Laws of Florida, provides:
 Effective the fiscal year commencing after June 30, 1979, and for each fiscal year thereafter, the salaries of all county officers listed in Chapter 145 shall be adjusted to provide the same percentage increase in salary as the average percentage increase in State Career Service employees' salaries as determined by the Department of Administration, or as provided in the General Appropriations Act; provided, however, that such increases shall not exceed seven percent for any fiscal year. The salary increases specified in this section shall be determined independently of and shall not affect changes in base salary and compensation occasioned by changes in population as prescribed in Chapter 145.
Section 2, Ch. 79-327, Laws of Florida, adds subsection (3) to s.145.09, F. S., and states:
 The supervisor of elections in each county shall receive as a base salary provided in s. 145.09(1) an increase of $4,300 for each population group. This increase shall be added to the total salary of the supervisor of elections as of October 1, 1978.
Section 3, Ch. 79-327, provides that the act shall take effect July 1, 1979. H.B. 382 (enacted as Ch. 79-327, Laws of Florida) was presented to the Governor on June 15, 1979, and became a law without the Governor's approval, taking effect July 1, 1979. See
ss. 8(a) and 9, Art. III, State Const.
AS TO QUESTION 1:
You inquire as to what date the adjustment in salaries for county officers listed in Ch. 145, F. S., which is provided for in s. 1, Ch. 79-327, Laws of Florida, takes place. Section 1, Ch. 79-327, provides that `[e]ffective the fiscal year commencing after June30, 1979, and for each fiscal year thereafter, the salaries of all
county officers listed in Chapter 145 shall be adjusted . . . .' (Emphasis supplied.) Under the express language quoted above, the salary adjustment authorized therein is effective whenever the fiscal year after June 30, 1979, commences for the particular county or school district officer in question. The language of the statute is clear; the statute does not provide that the adjustment in salary takes effect July 1, 1979, but rather that such a salary adjustment becomes effective the next fiscal year commencing after June 30, 1979. When the language of the statute is clear and unequivocal, the legislative intent may be gleaned from the words used without applying incidental rules of construction. Reino v. State, 352 So.2d 853 (Fla. 1977), and State v. Egan, 287 So.2d 1
(Fla. 1973). Therefore the salary adjustment for a particular county officer or school district officer takes effect when the fiscal year for his office begins; if the fiscal year for the officer begins on July 1, 1979, the adjustment in his salary takes effect at that time; if, however, the fiscal year begins on October 1, 1979, the salary adjustment takes effect on that date.See s. 129.04, F. S., which provides that the fiscal year for counties commences on October 1 and ends on September 30 of each year, and s. 228.041(18), F. S., which provides that the school fiscal year begins on July 1 and ends at the close of June 30 in each and every year. See also s. 218.33(1), F. S., providing,inter alia, that each county shall begin its fiscal year October 1 and end it on September 30, and s. 219.35(3), F. S., providing for the same fiscal year for county fee officers. The fiscal year of the sheriff is the same as the county fee officers, s.30.49(1), F. S., as is that of the property appraiser, s.195.087(1), F. S.
AS TO QUESTION 2:
Your second question concerns the calculation of the salary increase authorized by s. 1, Ch. 79-327, Laws of Florida, as to whether such an increase is to be based upon a percentage of the total compensation received by the respective county officer for the previous year or a percentage increase of that amount, plus and additional increase that may occur through the application of the population provision prescribed in Ch. 145, F. S. Your question appears to be prompted by the sentence contained in s. 1, Ch. 79-327, that the salary increases specified therein shall be determined independently of and shall not affect changes in the base salary and compensation occasioned by changes in population as prescribed in Ch. 145. This opinion is, therefore, limited to a consideration, under the provisions of Ch. 79-327, of the manner or method of calculating the salary of those county and school district officers listed in Ch. 145.
Despite the confused history of county officers' pay legislation and irrespective of the manner in which the salaries of such officers have been calculated in the past, Ch. 79-327, Laws of Florida, establishes the only increases available to county officers listed in Ch. 145, F. S., effective the fiscal year commencing after June 30, 1979, with the exception of any changes in salary caused by an increase or decrease in a county's population. Chapter 79-327 represents a revision of the salaries of county officers and school district officers. While authorizing an increase in salary equal to the average percentage increase in state career service employees' salaries, the act limits the annual increase in salary to 7 percent. See s. 145.021(2), which defines `salary,' for the purpose of Ch. 145, to mean the total annual compensation to be paid to an official as personal income. No provision has been made for the payment of cost-of-living adjustments within the act. I am, therefore, of the opinion that, with the exception of a change in salary caused by a change in a county's population, the only increase in salary authorized for those county officers or school district officers listed in Ch. 145, effective the fiscal year commencing after June 30, 1979, and for each fiscal year thereafter, is the percentage increase equal to the average percentage increase in state career service employees' salaries as determined by the Department of Administration or as provided in the General Appropriations Act, provided that such increases do not exceed 7 percent in any fiscal year.
You inquire, however, as to how this percentage increase is to be added to the salaries of the county officers and school district officers. An examination of the legislative history of Ch. 79-327, Laws of Florida, fails to provide any direction as to how these increases should be calculated; therefore, any determination as to the manner of calculating the increases must be based upon the language of the statute. Under s. 1, Ch. 79-327, it is the responsibility of the Department of Administration to determine and certify the average percentage increase of the state career service employees' salaries unless provided for in the General Appropriations Act. As previously indicated, s. 1, Ch. 79-327, provides that the salary increases shall be determined independently of and shall not affect changes in the base salary and compensation occasioned by changes in population as prescribed in Ch. 145, F. S. The salary schedules set forth in Ch. 145 are based on a classification of counties according to each county's population. See s. 145.011(4). An officer's salary, therefore, may change each fiscal year, depending upon an increase or decrease in his county's population. See s. 145.021(1), which provides that the term `population' means `the population according to the latest annual determination of population of local governments produced by the Department of Administration in accordance with s. 23.019.' Thus, in calculating an officer's salary for the 1979-1980 fiscal year, the officer's salary for the 1978-1979 fiscal year will be changed, not only by the percentage increase authorized in s. 1, Ch. 79-327 (not to exceed 7 percent), but also by any change in his county's population. In order to give effect to s. 1, Ch. 79-327, providing that the salary increases authorized therein shall be determined independently of any population changes in the counties, it appears that the percentage increase authorized by s. 1, Ch. 79-327 should be applied to the officers' salary for 1978-1979. Any increase or decrease occasioned by a change in the county's population should be added or deducted, as the case may be, from that figure.
AS TO QUESTION 3:
Section 2, Ch. 79-327, Laws of Florida, adds subsection (3) to s.145.09, F. S., to provide that `[t]he supervisors of elections in each county shall receive as a base salary provided in s.145.09(1) an increase of $4,300 for each population group. This increase shall be added to the total salary of the supervisor of elections ad of October 1, 1978.' (Emphasis supplied.) You inquire as to how the $4,300 increase should be calculated under the foregoing statutory provision and when such an increase is effective.
It is a well-established principle of statutory construction that a statute should be interpreted as a whole to give effect to every part of the statute. See, e.g., State v. Rodriguez, 365 So.2d 157
(Fla. 1978); State ex rel. City of Casselberry v. Mager,356 So.2d 267 (Fla. 1978); and State v. Gale Distributors, Inc.,349 So.2d 150 (Fla. 1977). Some confusion has arisen, however, regarding the $4,300 increase under s. 2, Ch. 79-327, Laws of Florida, as there appears to be a conflict between the first and second sentences of s. 145.09(3), F. S., as to whether the increase should be added to the base salary or the total salary of the supervisors of elections. Moreover, a question has arisen as to whether such a pay increase is retroactive to October 1, 1978.
My examination of the legislative history of Ch. 79-327, Laws of Florida, did not reveal any clear expression of the Legislature's intent in this matter, nor has any such evidence of legislative intent been brought to my attention. As a general principal, however, the Legislature cannot be charged with enacting contradictory provisions in the same act; provisions of an act are to be read as consistent with one another rather that in conflict if there is any reasonable basis for consistency. See State v. Putnam County Development Authority, 249 So.2d 6 (Fla. 1971). Seealso Wilensky v. Fields, 267 So.2d 1 (Fla. 1972), and Ozark Corp. v. Pattishall, 185 So. 333 (Fla. 1938). Therefore, any interpretation of s. 145.09(3), F. S., must give effect, if possible, to both sentences contained therein.
A reasonable interpretation which gives effect to both sentences of s. 145.09(3), F. S., is that the Legislature intended to increase the base salary of the supervisors of elections by $4,300, effective for the 1979-1980 fiscal year, while also granting to the supervisors an increase of $4,300 for the current 1978-1979 fiscal year. Since the increase for the current 1978-1979 fiscal year could not be added to the base salary, as the supervisors' salary had already been determined on October 1, 1978, this increase is to be added to the supervisors' total salary for the current 1978-1979 fiscal year. Under this interpretation of Ch. 79-327, Laws of Florida, which became effective July 1, 1979, the supervisors of elections are entitled to an additional $4,300 for the current 1978-1979 fiscal year. Commencing with the fiscal year of 1979-1980, the base salary of the supervisors of elections, set forth in s. 145.09(1), has been increased by the amount of $4,300, as provided in the first sentence of s. 145.09(3). See Senate Staff Analysis and Economic Impact Statement, dated May 31, 1979 (revised), which provides in pertinent part that one effect of the proposed change in H.B. 382 (now Ch. 79-327) is that the `supervisor of elections would receive a base salary increase of $4,300 for each population group.' While s. 215.425, F. S., as amended by s. 27, Ch. 79-190, Laws of Florida, provides that no extra compensation shall be made to any officer, agent, or employee after the services have been rendered unless such compensation he allowed by bill passed by two-thirds of the members elected to each house of the Legislature, it appears that H.B. 382 (enacted as Ch. 79-327) was, in fact, passed by more than two-thirds of the members of each house. See Journal of the Senate for May 31, 1979, pp. 699-700, indicating the vote on passage was 35 yeas, 0 nays; and Journal of the House of Representatives for May 31, 1979, p. 964, stating that the vote on the bill's passage was 91 yeas and 15 nays.
Such an interpretation avoids any conflict between the two sentences of s. 145.09(3), F. S., and gives effect to the entire subsection. Under such an interpretation, however, the supervisors of elections receive a retroactive pay increase of $4,300. Generally, such a retroactive effect of a statute must clearly be provided for within the statute, cf. Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978); Foley v. Morris, 339 So.2d 215
(Fla. 1976); Trustees of Tufts College v. Triple R. Ranch, Inc.,275 So.2d 521 (Fla. 1973); and Larson v. Independent Life 
Accident Insurance Co., 29 So.2d 448 (Fla. 1947). In the absence of such a clear expression of legislative intent, I cannot conclusively state that the foregoing interpretation of s.145.09(3), authorizing a retroactive pay increase to the supervisors of elections, is the method which should be utilized by the counties in calculating the salaries of these officers. Although such an interpretation represents, in my opinion, a reasonable and acceptable construction of s. 145.09(3), in light of the controversy that has arisen regarding the interpretation of this statute and in the absence of any clear indication of legislative intent, it would appear that remedial legislation prescribing the criteria and manner of payment under the governing budgetary and fiscal laws of the state or validating legislation confirming, ratifying, and sanctioning such retroactive pay increase of the supervisors of elections is required.
AS TO QUESTION 4:
Section 145.18, F. S., provides:
 In no event shall any person receive for the execution of his powers, functions, and official duties compensation in excess of the salaries provided in this chapter, and in no event shall any person receive an increase in salary in any one fiscal year in excess of 20 percent of his total compensation for the preceding fiscal year ending June 30. However, the provisions of this section shall not apply to the special qualification salary under s. 145.10(2).
You inquire as to whether this 20-percent limitation contained in s. 145.18 is applicable to the increase authorized and directed by s. 2, Ch. 79-327, Laws of Florida.
My examination of the legislative history of H.B. 382, enacted as Ch. 79-327, Laws of Florida, failed to reveal any evidence that the Legislature considered whether the 20-percent limitation contained in s. 145.18, F. S., applies to the salary increase authorized for the supervisors of elections in s. 2, Ch. 79-327; moreover, no such evidence of legislative intent has been brought to my attention. The Legislature, however, in enacting a statute is presumed to know the existing law. See Oldham v. Rooks,361 So.2d 140 (Fla. 1978); Woodgate Development v. Hamilton Investment Trust, 351 So.2d 14 (Fla. 1977); Dickinson v. Davis, 224 So.2d 262
(Fla. 1969); and Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964). The Legislature is therefore charged with notice of the statutes relating to the salaries of the supervisors of elections, which may be as low as $8,500, and is presumed to know that the increase provided for in s. 2, Ch. 79-327, exceeds 20 percent of the salary of all supervisors in the first four population groups and many of the supervisors in the fifth population group set forth in s. 145.09(1), F. S. Furthermore, it is a general rule of law that, absent constitutional limitations, one legislature cannot bind or limit the general powers of a subsequent legislature. See Straughn v. Camp, 293 So.2d 689 (Fla. 1974); State v. Board of Public Instruction of Dade County, 170 So. 602 (Fla. 1936); and Thursby v. Stewart, 138 So. 742 (Fla. 1931). Therefore, even though s. 145.18 limits an increase in a county officer's salary to 20 percent of his total compensation for the previous year, this statute possesses no greater authority or dignity than any other statutory provision. Cf. Kirk v. Brantley, 228 So.2d 278 (Fla. 1969). Chapter 79-327 represents the latest expression of the legislative will and, under its terms, it appears clear that the Legislature intended to grant to the supervisors an increase in salary of $4,300 and not a portion thereof representing 20 percent of the officer's salary for the previous year. Thus, in the absence of a judicial or legislative determination to the contrary, I am of the opinion that the provisions of s. 145.18 are not applicable to the increase in salary authorized in s. 2, Ch. 79-327.
AS TO QUESTION 5:
Your question as to the effective date of the $4,300 increase in the salary of the supervisors of elections provided for in s. 2, Ch. 79-327, Laws of Florida, has been answered in question 3.
In conclusion, therefore, I am of the opinion that the salary adjustment for a particular county officer or school district officer provided for in s. 1, Ch. 79-327, Laws of Florida, takes effect when the fiscal year after June 30, 1979, begins for his office. Under the provisions of s. 1, Ch. 79-327, the percentage increase authorized therein should be applied to the officer's salary for the 1978-1979 fiscal year, and any increase or decrease occasioned by a change in the county's population should be added or deducted, as the case may be, from that amount. Section 1, Ch. 79-327, limits this increase to 7 percent for any fiscal year, thus establishing the only increase in salary available to county officers listed in Ch. 145, F. S., effective the fiscal year commencing after June 30, 1979, with the exception of a change in salary caused by a change in a county's population. While a reasonable interpretation of s. 2, Ch. 79-327, which gives effect to the entire section, is that the supervisors of elections are entitled to an additional $4,300 to be added to the total salary for the 1978-1979 fiscal year under the act, effective July 1, 1979, and that, commencing with 1979-1980 fiscal year, the base salary of the supervisors has been increased $4,300, this office cannot conclusively state that the foregoing interpretation authorizing a retroactive salary increase is the method which should be utilized in calculating these salary adjustments. It therefore appears that remedial or validating legislation is necessary. The provisions of s. 145.18, limiting any increase in the salary of an officer listed in Ch. 145 to 20 percent of his previous year's salary, are not applicable to the salary increase authorized in s. 2, Ch. 79-327.
Prepared by:
Joslyn Wilson Assistant Attorney General