The Honorable Ralph Turlington Commissioner of Education The Capitol Tallahassee, Florida 32301
Dear Commissioner Turlington:
This is in response to your request for an opinion on substantially the following question:
 IS THE SALARY INCREASE FOR SUPERINTENDENTS OF SCHOOLS PROVIDED BY s 6 OF CH. 85-322, LAWS OF FLORIDA, AMENDING s 230.303(1), F.S., EFFECTIVE JULY 1, 1985 OR OCTOBER 1, 1985?
As your letter of inquiry states, Ch. 85-322, Laws of Florida, amends s 230.303(1), F.S., to increase salaries of school superintendents:
 Section 6. Subsection (1) of section 230.303, Florida Statutes, is amended to read:
 230.303 Superintendent of schools. — (1)Each superintendent of schools shall receive as salary the amount indicated, based on the population of his county; however, a district school board, by majority vote, may approve a salary in excess of the amount specified herein. In addition, a compensation shall be made for population increments over the minimum for each population group, which shall be determined by multiplying the population in excess of the minimum for the group times the group rate. Laws which increase the base salary herein provided shall contain provisions on no other subject.
Section 12 of Ch. 85-322 expressly provides:
 Section 12. This act shall take effect October 1, 1985, except for sections 8, 9, 10, and 11, which shall take effect July 1, 1985. (e.s.)
The enumeration in s 12 of those sections of Ch. 85-322, that take effect July 1 is exclusive, i.e., only sections 8, 9, 10, and 11 are listed as effective on that date. Cf., Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944) (where statute contains specific exclusions or exceptions, no others may be inferred).
Your inquiry observes that the fiscal year for superintendents' salaries begins on July 1, not October 1, and thus you have asked if the salary increase provided by s 6 should be regarded as effective July 1 or October 1, 1985. For the following reasons, it is my opinion that the salary increase for school superintendents is effective October 1, 1985, as expressly provided in Ch. 85-322.
Section 9, Art. III, State Const., which provides that each law shall take effect on the sixtieth day after adjournment or as otherwise provided therein, has been held not to prevent retroactive operation of a law; thus the State Constitution does not deny the Legislature the power to pass retroactive laws. Kirk v. Brantley, 228 So.2d 278 (Fla. 1969); AGO 73-448; State ex rel. Bayless v. Lee, 23 So.2d 575 (Fla. 1945). However, statutes are presumed to be intended to operate prospectively and should never be construed as having a retrospective effect, unless their terms clearly show a legislative intention that they should so operate. Seddon v. Harpster, 403 So.2d 409 (Fla. 1981) (presumption against retroactive application of a statute); AGO's 79-87, 73-447, 67-49, 73-330A; 2 Sutherland Statutory Construction s 41.04, p. 252.
The fact that the school fiscal year provided in s 228.041(7), F.S., a more general and earlier enactment, begins "on July 1 . . . in each and every year" is insufficient, in my opinion, to override the express intention of the Legislature to make s 6 effective October 1, and should not be interpreted as lending Ch. 85-322, s 6, a retroactive effect. See, State ex rel. Bayless v. Lee, supra, at 576, holding that a salary raise granted by law could not be given retroactive application since there was nothing in statute to remotely suggest that Legislature intended anything other than that statute have prospective application, and instead that officer would receive his monthly salary warrants at the new rate per annum "on and after the effective date of the act, and not prior to that time." (e.s.) Accord, AGO's 61-159, 69-68. Compare, AGO 79-87 (interpreting Ch. 79-327, s 1, to conclude that a salary adjustment for certain school district officers was effective in relation to a fiscal year, since the express language of the statute required that result), and AGO 58-57 (concluding that language of Ch. 57-987 raised inference of retroactive intent so that date of salary change related back to first day of year in which law became effective, that inference based in part on fact that county fee officer's salary was necessarily computed on last day of year in accordance with total year's net office income). Compare also, Kirk v. Brantley, supra (holding retroactive legislative pay raise valid, noting that date law takes effect and date on which salaries fixed by that law take effect are not the same necessarily). In Kirk v. Brantley, both the express language of the statute and the circumstances surrounding its enactment, veto, and subsequent passage over veto supported a retroactive application of the salary increase. In contrast, Ch. 85-322, s 6, bears no indicia of retroactive intent; unlike the legislative pay increase in Kirk it makes absolutely no provision for retroactive application. See also, Brantley v. Kirk, 32 Fla.Supp. 195 (Cir.Ct. Leon Cty., 1969) (holding that Legislature has power to provide that a salary bill may become effective as a law at a date different from the effective date of the salary authorized).
In summary, until legislatively or judicially determined otherwise, it is my opinion that the salary increase provided for by s 6 of Ch. 85-322, which amends s 230.303(1), F.S., is effective October 1, 1985, as expressly provided therein, and does not relate back to the beginning of the school fiscal year, since there is no indication that the Legislature intended s 6 to operate other than prospectively.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne C. Terry Assistant Attorney General